## TEXAS & PACIFIC RAILWAY v. P. W. WEBB.

No. 1888. Decided December 23, 1908.

**1.—Railways—Stock Unlawfully at Large.**

The law providing for prohibiting stock from running at large (Act of May, 1899; Laws, 20th Leg. p. 220) did not supersede that making railway companies liable for killing stock without negligence where their roads were not fenced (Rev. Stats., art. 4528). It prevented recovery under article 4528 by one who unlawfully permitted his stock to run at large in such localities, but not by one whose animals were at large without his fault. (P. 213.)

**2.—Same—Amendment of 1905.**

The amendment to the Acts of May, 1899 (Laws, 26th Leg. ch. 128, p. 220) and of March, 1903 (Laws 28th Leg., ch. 61, p. 97) by the Act of April, 1905 (Laws, 29th Leg., ch. 117, p. 226) deprived a railway company of the defense which it previously enjoyed against the owner of animals who unlawfully permitted them to run at large. (Pp. 213, 214.)

**3.—Same—Constitution—Statute—Amendment—Title of Act—Two Subjects.**

The Act of April, 1905 (Laws, 29th Leg., ch. 117, p. 226) amending the Act of May, 1899 (Laws, 26th Leg., ch. 128, p. 220) as previously amended by the Act of March 1903 (Laws, 28th Leg., ch. 61, p. 97) with respect to the liability of a railway not fencing its track for killing stock unlawfully permitted at large by the owner, was not unconstitutional for failing to re-enact the entire statute, which it amended only by adding an entire section (Const., art. 3, sec. 36); nor was it invalid as embracing more than one subject (Const., art. 3, sec. 35) or failing to fully and accurately state the subject in its title (Const., art. 3, sec. 35).. (P. 214.)

**4.—Jurisdiction of Supreme Court—Validity of Statute.**

The Supreme Court obtaining jurisdiction on writ of error over a county court case on the ground that its decision involved the validity of a statute, was not restricted to a decision of the question which gave it jurisdiction, but had authority to dicide all the questions of law inovlved. (Pp. 214. 214.)

**5.—Railway—Killing Stock—Fence—Open Gate.**

The immunity from liability for killing stock, without negligence, secured to a railway which fences its track (Rev. Stats., art. 4528) applies only where it provides a fence sufficient to turn stock, and does not avail it where the stock enter on the track through an open gate at a point where gates were not required or permitted to be. Such gates it takes the risk of keeping closed. (P. 215.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Eastland County.

Webb sued the railway company and recovered judgment which was affirmed on defendant's appeal. The company then obtained writ of error.

W. L. Hall and Earl Conner, for plaintiff in error.—Where a railroad company has fenced its right of way it is only required under the law to exercise ordinary care in keeping up and maintaining the same, and such railroad company would not be absolutely liable for stock killed or injured, where they had entered through such right of way fence, irrespective of the exercise of ordinary care in keeping up and maintaining such right of way fence. Galveston, H. & S. A. Ry. Co. v. Reitz, 27 Texas Civ. App., 411; Gulf, C. & S. F. Ry. Co. v. Cash, 8 Texas Civ. App., 569; Gulf, C. & S. F. Ry. Co. v.

Simpson, 41 Texas Civ. App., 125; San Antonio & A. P. Ry. Co. v. Tamborello, 4 Texas Ct. Rep., 761; San Antonio & A. P. Ry. Co. v. Robinson, 17 Texas Civ. App., 400; Texas & Pac. Ry. Co. v. Glenn, 30 S. W., 845; Missouri, K. & T. Ry. Co. v. Johnson, 39 S. W., 323; Foote v. Heisig, 16 Texas Ct. Rep., 7; Talbot v. Dillard, 22 Texas Civ. App., 360; Ft. Worth & R. G. Ry. Co. v. Hudgens, 43 Texas Civ. App., 201; Missouri, K. & T. Ry. Co. v. Tolbert, 90 S. W., 508.

The adoption of the local option stock law in a locality supersedes the general provisions of articles 4528, Rev. Stats., and a railroad company operating its line of road through such locality is not required to fence its right of way, or maintain the same, and if stock running at large in such locality in violation of said local option stock law are injured or killed by the cars and engines of said railroad company, the owner of such injured or killed stock is not entitled to recover damages against the railroad company by merely proving that the injury or killing was done by the railroad company, but he must go further and prove that such injury or killing was occasioned by the negligence of such railroad company, its agents or employees, in the operation of such train which caused the injury, and no presumption of negligence would arise from proof of the fact of the injury alone.

Where the title to any Act of the Legislature, except the General Appropriation Act, embraces more than one subject, neither of which is germane to the other, such Act is violative of section 35, article 3, State Constitution, and is therefore void. Const., art. 3, sec. 35.

Chapter 117, section 20a, Laws Twenty-ninth Legislature, violates section 36, article 3, of the State Constitution in this: By the Act of 1899, p. 220, the original stock law was passed, and does not embrace Eastland County in such Act. Section 1 of this Act was amended by the laws of 1901, p. 28, chapter 24, of the Twenty-seventh Legislature, and does not embrace Eastland County, but the original title of the original stock law is copied in full in this amendment. Then the Twenty-eighth Legislature by Act of 1903, p. 97, chapter 71, amends, not the original Act of the Twenty-sixth Legislature, but the amendment thereto, the Act of the Twenty-seventh Legislature, and the title of the Act as passed by the Twenty-seventh Legislature is copied in full, embracing Eastland County within its title. Then the Act of 1905, p. 226, chapter 117, amends, not the Act of the Twenty-eighth Legislature, but that of the Twenty-sixth Legislature, and the title to the Act of the Twenty-sixth Legislature is copied in full, and reference is made only by title to the intervening Acts, and the title, as copied, of the Twenty-sixth Legislature does not embrace Eastland County. Art. 3, sec. 36, State Constitution; Gunter v. Texas Land & Mortg. Co., 82 Texas, 496; Adams & Wickes v. Water Co., 86 Texas, 485.

Section 20a of chapter 117, Acts 1905, p. 226, deprives certain corporate persons of certain rights, privileges and protection that are under the same law granted and extended to other persons, and is therefore class legislation and void. Art. 1, sec. 3, Bill of Rights of Texas; Chap. 117, sec. 20a, Acts 1905, p. 226; New York

Life Ins. Co. v. Smith, 41 S. W., 684; State v. Waters-Pierce Oil Co., 67 S. W., 1057; Frazier v. Bedford, 4 Texas Ct. Rep., 149; Art. 14, sec. 1, U. S. Constitution.

The court having found that the stock law was in force at the time and place of the injury to appellee's horse by the cars and locomotives of appellant, and having failed to find any act of negligence on the part of appellant, its servants or employees, in the operation of its said cars and locomotives, it was error for the court to render judgment in favor of appellee, and the fact that appellant permitted an opening to remain in its right of way fence at the place of the injury, through which stock could enter at will, is immaterial. Galveston, H. & S. A. Ry. Co. v. Kropp, 14 Texas Ct. Rep., 927; Houston & T. C. Ry. Co. v. Nussbaum & Scharff, 43 Texas Civ. App., 410.

*Scott & Brelsford,* for defendant in error.—Where a railway line is not fenced, the law presumes negligence on the part of the company, if stock are killed or injured by the passage of a train, it being the duty of the company to maintain a sufficient fence to prevent their entering thereon. I. & G. N. Ry. Co. v. Cocke, 64 Texas, 151; Railway Co. v. Hudson, 77 Texas, 494.

The adoption of the local stock law in a county or subdivision through which a line of railway runs, does not relieve the railway company from the duty of fencing their track; and where stock is killed or injured on such railway by the locomotive and cars, through the failure to erect and maintain such fence, the railroad company is liable to the owner of such stock for the value thereof, without proving negligence in the operation of their trains. Acts of Twenty-ninth Legislature, page 226, chapter 117, sec. 20a.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

A horse of defendant in error entered the right of way of the plaintiff in error and received injuries, it is claimed, by being struck by its engine or cars in a precinct in Eastland County where the provisions of the Act of 1899 (Laws 26th Leg., 220), as amended by the Act of 1903 (Laws 28th Leg., 97), and further amended by the Act of 1905 (Laws 29th Leg., 226), had been put in force, prohibiting the running at large of horses, etc. The right of way was fenced and the fence was in good condition except that a gate in it had been left open. Why the gate was kept there is not shown except that it was for a neighborhood road, traveled by people crossing the right of way and track. The crossing was not upon a public road and it is not shown that it was at a place where the company was required to keep one.

This action was brought in a justice's court to recover the value of the animal, was appealed to the County Court and, upon its judgment in favor of defendant in error, was carried to the Court of Civil Appeals, where the judgment was affirmed. The judgment of affirmance is final and this court has no jurisdiction to review it unless it is true, as claimed by plaintiff in error, that the *case* involves the validity of a statute. (Rev. Stat., arts. 940, 996.)

The statute, the validity of which is said to be involved is the Act of 1905, last above mentioned. The two first named statutes provided for the putting in force in counties named therein, by vote of the people, their provisions intended to prohibit the running at large of horses, mules, etc. The last amendment, the one in question, merely added a section by which it was provided:

"Sec. 20a. Each and every railroad company, having a line of railway in any county or subdivision thereof where the provisions of the preceding sections of this chapter have been or may hereafter be adopted, shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways, which ·may be recovered by suit before any court having competent jurisdiction of the amount. If the railroad company shall fence its road it shall only then be held liable in cases of injury resulting from want of ordinary care."

This provision is, in substance, the same as that of article 4528, Revised Statutes, and, doubtless, was adopted because of questions that had arisen as to the effect upon that article of the adoption of the stock laws. It seems to be the view of counsel for plaintiff in error, and there may be holdings of some of the Courts of Civil Appeals tending to sustain it, that without the amendment in question, the stock law, when put in force, would supersede or displace the rule declared by article 4528, so that railroad companies whose roads are unfenced or insufficiently fenced would no longer be under the absolute liability declared by that article. We do not agree to so broad a proposition. Our views on the question are indicated in the discussion of the case of Missouri, Kansas & Texas Railway Co. v. Tolbert, 100 Texas, 486. While the stock law is intended to require owners to confine animals, the running at large of which is prohibited, and one who *permits* them to run at large violates the law, it is true, nevertheless, that such animals may often escape without fault on the part of their owners, when the latter will be guilty of no offense against the law. There would therefore be no necessary conflict between article 4528 and the inhibitions of the stock law without the amendment in question. The former would still operate for the benefit of one in a position to take advantage of it. The stock law, before the amendment of 1905, contained no provision by force of which article 4528 must be held to be superseded. There are inhibitions, the failure to observe which may constitute a violation which will prevent the guilty person from being heard to complain in the courts of injuries to which his own wrong has contributed, and this might enable a railroad company whose tracks are unfenced or insufficiently fenced to defeat such a person. But we can not see how the stock law could so operate against one guilty of no violation of it, and, as before shown, the mere fact that an animal is at large is not necessarily a violation. The amendment of 1905 changes the pre-existing law, not indeed to the extent claimed, but so as to abrogate the rule which we have just stated, and to make railroad companies liable in all cases where their roads are not fenced, thereby taking away

a defense which plaintiff in error might have urged if the defendant in error was a violator of the law in permitting his horse to be at large. In this way, only, may the validity of the statute be said to be involved. The attack made upon it is that its title expresses two subjects, which are claimed to be the amendment of stock laws and the regulation of the liability of railroad companies. The title is: "An Act to amend chapter 128 of the Acts of the regular session of the Twenty-sixth Legislature of the State of Texas, entitled: 'An Act providing a mode by which horses, mules, jacks, jennets and cattle may be prohibited from running at large in the following counties or any subdivision of said counties, viz.: (naming them) as amended by chapter 24 of the Acts of the Twenty-seventh Legislature of the State of Texas, and as amended by chapter 71 of the Acts of the Twenty-eighth Legislature of the State of Texas; by adding thereto section 20a, providing that'"—(the title proceeds to state the substance of section 20a above quoted).

That in amending a statute by adding an entire section it is not necessary, under article 3, section 36, of the Constitution, to re-enact the entire law so amended is settled by the decisions of this court: City of Oak Cliff v. State, 97 Texas, 383; Henderson v. City of Galveston, recently decided. (Ante, p. 163.)

The subject of the amending Act here in question, if it is but one subject, is most fully and accurately stated in the title. The question therefore is that above stated, whether or not the title embraces more than one subject in violation of section 35 of article 3 of the Constitution. If we should look merely to the form of the statement in the title the contention would have force, for it would appear that, formally, two subjects are mentioned, that of prohibiting the running at large of animals, and the further one of fixing the liability of railroad companies for stock killed or injured by them. But when we look to the substance of the provision added to the existing statutes and the expressions of it in the title we see that it is, in effect, only a limitation upon the operation of the pre-existing provisions to which it is added. The effect of the added provision is so to limit the pre-existing ones by which the running at large of animals is forbidden, as that they shall not affect the liability of railroad companies as it was fixed by article 4528. In adopting the earlier statutes it was entirely competent for the Legislature to prescribe the extent of their operation and effect. This was done to a great extent, but nothing was said as to the effect they should have upon the liability of railroad companies for stock killed. Had the substance of the statute here attacked been added, by way of proviso or otherwise, so as to anticipate the questions which afterward arose, it would have been entirely germane as a declaration of the operation the stock law should have. It is not less germane as an amendment, and the statement of it as such in the title is the expression, not of two subjects, but of one, which is a provision properly incidental to the Act amended. The attack made on the statute is not sustained.

We thus come to the question as to the extent of the jurisdiction

given .to this court in cases appealed from the County Courts to the Courts of Civil Appeals which involve the validity of statutes. Art. 940, Revised Statutes, gives to the Supreme Court appellate jurisdiction extending to questions of law arising in civil cases of which the Courts of Civil Appeals have appellate, but not final jurisdiction. By article 996, appellate jurisdiction is given to the Courts of Civil Appeals of cases appealed from County Courts, and that jurisdiction is declared not to be final in "cases involving the validity of a statute." It thus appears that jurisdiction over all questions of law in that class of cases is given to the court. It is the *case,* not merely the question as to the statute, over which the jurisdiction is extended by the language. The existence of the question is the reason why the jurisdiction is given, but it is the case that is brought within it. It follows that, having decided the question of the validity of the statute, we must proceed to dispose of the case by the proper judgment and, in order to do that, must decide the questions of law on which the character of the judgment must depend. City of Austin v. Nalle, 85 Texas, 520.

The effect of the statute of 1905 is to put the case in the same attitude as if the stock · law had never been adopted. The liability of the company is therefore absolute unless it had complied· with the requirements of the law as to fencing its track. The evidence shows that there was an opening in the fence through which the horse passed and does not show that it was one which the company was required by law to make. The liability must be held to be the same as if the track had not been fenced at all at that place. Texas Cen. Ry. Co. v. Pruitt, 109 S. W., 925. The provision giving immunity because of fencing is only satisfied by a fence sufficient to turn stock, and gates put where they are not required or permitted to be, when left open, afford easy access to the track. Of course we do not mean to say that a fence might not be sufficient with a .closed gate in it, but to make it sufficient the gate must be kept closed, and where it is unnecessarily put in the railroad company voluntarily takes the risk. The question does not arise as to the duty of keeping gates closed when they have been put and kept in proper condition at places where railroad companies are required to keep them for the special benefit of the owners of enclosures through which the roads pass. The only question is whether or not a fence with an unnecessary gate in it through which animals may and do pass to the track is such a fence as the statute contemplates, and we hold that it is not.

The record discloses no material error and there is nothing requiring further discussion.

*Affirmed.*