ADAMCIK v. KNIGHT.

No. 9302.

Court of Civil Appeals of Texas. ˙Austin.

March 31, 1943.

Moss & Moss, of LaGrange, for appellant.

C. C. Jopling, of LaGrange, for appellee.

McCLENDON, Chief Justice.

Adamcik sued Knight for damages to an automobile resulting from a collision between the automobile and a horse belonging to Knight allegedly roaming at large unattended, on a fenced designated state highway in violation of Art. 1370a, Vernon's Ann.P.C., which provides: "Any person owning or having control of any horse * * * who permits the same to traverse or roam at large, unattended, on the· right-of-way of any designated State Highway in this State where the same' is enclosed by fences on both sides shall be guilty of a misdemeanor * * *."

The trial was to a jury. At the close of plaintiff's evidence the court granted defendant's motion for judgment predicated upon the specific ground that plain-

tiff had failed to prove by preponderance of the evidence that defendant "permitted" the horse "to run or roam at large upon a state designated highway that is fenced on both sides" and "failed to submit any proof that" the horse "was under the control of Joe Knight or that he knew or had any knowledge of the fact that" the horse "was on said highway." The correctness of sustaining this motion and rendering judgment accordingly constitutes the sole basis of the appeal.

It is not necessary to detail the evidence since its sufficiency to present a prima facie case of liability against Knight is challenged only in the respect set forth in the above ground of the motion. The evidence upon this issue went no further than to show that Knight was owner of the horse. Knight's contention in this regard is that the burden rested upon plaintiff to show by evidence direct or circumstantial that Knight "permitted" the horse to roam at large and unattended upon the highway, that is that the horse was under his custody and control (not that of another through lease, loan, bailment or otherwise) and that its presence upon the highway was due to some dereliction of duty on Knight's part. Knight cites no authority in support of this contention. Those cited by Adamcik, and those which our independent investigation have disclosed, support the converse proposition that proof of ownership raises the prima facie presumption of negligence and shifts the burden of offering evidence to the owner. This rule is predicated upon the proposition that the evidence upon this issue is peculiarly within the knowledge of the owner, some of the authorities predicating the holding upon the doctrine of res ipsa loquitur. In a case note in 45 A.L.R. p. 507, it is stated: "The weight of authority, however, seems to be that a statute or ordinance forbidding the allowing of domestic animals to run at large on the public ways is designed, inter alia, for the prevention of accidental injuries to persons using the highways for the purpose of travel; and where an accident occurs as the result of a violation of such a statute a presumption of negligence on the part of the owner of the animal arises, which is sufficient to carry the case to the jury."

The following cases are exactly in point: Kenney v. Antonetti, 211 Cal. 336, 295 P. 341; Hansen v. Kemmish, 201 Iowa 1008, 208 N.W. 277, 45 A.L.R. 498, 499; Fugett v. Murray, 311 Ill.App. 323, 35 N. E. 946; Doherty v. Sweetser, 82 Hun, N. Y. 556, 31 N.Y.S. 649, 650. In the New York case it was said: "It is negligence to allow horses to be in the public street unattended; and, where they are so found, the natural inference is that it was permitted, and it is not incumbent upon the party claiming damage to prove the negative of such permission. The burden is upon the party seeking to avoid the results arising from such state of facts to show that he has used all proper means to prevent the same, and that he was without fault."

This rule, it seems to us, is well grounded in reason, as well as supported by authority.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.