# CHARLES SCHUMACHER V. THE CITY OF CALDWELL, TEXAS.

No. A-1331. Decided November 26, 1947.
Rehearing overruled December 31, 1947.
(206 S. W., 2d Series, 243.)

*Walter M. Hilliard,* of Caldwell, for petitioner.

*W. J. Alexander,* of Caldwell, for petitioner.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was brought by petitioner against the City of Caldwell to recover the value of his cow, which had been electrocuted by a high-tension wire belonging to the city. Petitioner alleged that the death of the cow was caused by the negligence of the city in permitting a live wire to fall and lie in the street ·in front of petitioner's residence for two or three days after it had been blown down by a windstorm. The trial court entered judgment for petitioner for $135.00, and upon appeal to the Court of Civil Appeals that court reversed the judgment of the trial court and rendered judgment in favor of the City ·of Caldwell. The Court of Civil Appeals based its decision on the case of Dallas Gas Co. v. Wheat (Tex. Civ. App.), 160 S. W. 980, and held that the city was not liable because the animal was running at large in violation of a city ordinance when it came in contact with the electric wire. 204 S. W. (2d) 471.

The pertinent part of the ordinance in force in the City of Caldwell reads as follows:

"* * * that it shall not be lawful for any horses, mules, cattle, or other animals of like kind to run at large in the City of Caldwell and all such animals found running at large within the corporate limits of the City of Caldwell shall be subject to be imponded, * * *."

Petitioner contends that the decision of the Court of Civil Appeals in this case is in conflict with the decisions in the following cases: Ellis v. Lewis (Tex. Civ. App.), 142 S. W. (2d) 294; Ft. Worth & D. C. Ry. Co. v. Decatur Cotton Seed Oil Co. (Tex. Civ. App.), 179 S. W. 1104; Presnall v. Raley (Tex. Civ. App.), 27 S. W. 200; and Texas & Pacific Ry. Co. v. Webb, 102 Texas 210, 114 S. W. 1171. Petition for writ of error was granted upon the alleged conflicts.

The cases of Texas & Pacific Ry. Co. v. Webb, supra, and Ft. Worth & D. C. Ry. Co. v. Decatur Cotton Seed Oil Co., supra, involved the construction of laws relating to stock running at large in counties. See Act. of 1899 (Laws 26th Leg., p. 220), as amended by Act of 1903 (Laws 28th Leg., p. 97), and further amended by Act of 1905 (Laws 29th Leg., p. 226), now Article 6402, Vernon's Annotated Civil Statutes. That law also provided for the liability of railroads to the owners for stock killed .or injured on their respective railways. In discussing the duty placed upon the owners of stock to prevent same from running at large, and the liability of railroads for killing or injuring stock, this Court in the Webb case, speaking through Mr. Justice Williams, said:

"While the stock law is intended to require· owners to confine

animals, the running at large of which is prohibited, and one who *permits* them to run at large violates the law, it is true, nevertheless, that such animals may often escape without fault on the part of their owners, when the latter will be guilty of no offense against the law. \* \* \* There are inhibitions, the failure to observe which may constitute a violation which will prevent the guilty person from being heard to complain in the courts of injuries to which his own wrong has contributed, and this might enable a railroad company whose tracks are unfenced or insufficiently fenced to defeat such a person. But we can not see how the stock law could so operate against one guilty of no violation of it, and, as before shown, the mere fact that an animal is at large is not necessarily a violation."

The case of Texas & Pacific Ry. Co. v. Webb, supra, was cited and followed in the Ft. Worth & D. C. Ry. Co. v. Decatur Cotton Seed Oil Co. case, and in the latter case it was held that where cattle escaped from the owner's enclosure through no negligence on his part, he was not guilty of any violation of the stock law prohibiting animals from running at large. The case of Presnall v. Raley, supra, involved the construction of a city ordinance which prohibited horses from running at large; and it was held that where a horse became frightened while being driven, and escaped from the control of the driver without his fault, and ran away, it was not running at large within the meaning of the ordinance. Likewise, it was held in Ellis v. Lewis, supra, that an animal is not running at large, within the meaning of a city ordinance prohibiting animals from running at large where the animal escapes the premises of its owner, through no fault of the owner and without his knowledge. The holding in the Wheat case, as well as the holding of the Court of Civil Appeals in this case, is to the effect that if an animal escapes from the premises without the fault of the owner, the owner is guilty of violating the city ordinance, and he can recover from the city only for gross negligence.

At the time petitioner's cow was killed the above-described ordinance was in effect in the City of Caldwell. The cow was killed within the corporate limits of the city. Petitioner lived on a three-fourths acre lot on State Highway No. 36, in a sparsely settled section of the city, but within its corporate limits. The cow had been staked out on a portion of this lot by means of a strong chain fastened to a car axle driven into the ground. There was no fence around the lot. On a Thursday night a hail and windstorm caused a high-tension wire of the city to break and fall to the ground, where it remained throughout Friday and Saturday; and it was still there early Sunday morning,

when a second windstorm frightened petitioner's cow and caused her to break the chain, and she ran upon the street and came in contact with the charged wire. The cow was found dead early Sunday morning on the street in front of petitioner's residence, lying upon the high-tension wire and with the chain still around her neck.

Respondent does not deny that the cow was electrocuted by its high-tension wire. The only dispute is as to the time when the wire fell, the city contending that it fell during the early Sunday morning's storm, while petitioner alleged that it fell during the Thursday night's storm. Petitioner alleged the elements of gross negligence, but that issue was not submitted to the jury, and neither was it requested by petitioner. The jury found: (1) That the city's electric wire on or about April 17, 1946, broke and fell to the ground, and that the city permitted the electric wire to lie and remain on the ground; (2) that "the acts and conduct of the city constituted negligence," and that such negligence was the proximate cause of the death of petitioner's cow; (3) that petitioner's cow was killed by the electric wire of the city on or about April 19, 1946; (4) that petitioner did not fail to provide an adequate shelter and enclosure for his cow; (5) that petitioner did not fail to provide adequate means to keep his cow from running at large in violation of the city ordinance; and (6) that petitioner was not guilty of contributory negligence.

If the owner violated the city ordinance by permitting his cow to run at large, then the city would be liable for her death only for gross negligence. International & G. N. R. R. Co. v. Cocke, 64 Texas 151; International & G. N. R. R. Co. v. Dunham, 68 Texas 231, 4 S. W. 472, 2 Amer. St. Rep. 484; McCutcheon v. Gorsline (Tex. Civ. App.), 86 S. W. 1004; Dillon v. Stewart (Tex. Civ. App.), 180 S. W. 648. If the cow escaped from the owner's premises through no fault of his, and was killed on account of the city's negligence, then the city would be liable for failure to use ordinary care to prevent injury to the cow. Texas & Pacific Ry. Co. v. Webb, 102 Texas 210, 114 S. W. 1171; Ellis v. Lewis (Tex. Civ. App.), 142 S. W. (2d) 294; Ft. Worth & D. C. Ry. Co. v. Decatur Cotton Seed Oil Co. (Tex. Civ. App.), 179 S. W. 1104; Presnall v. Raley (Tex. Civ. App.), 27 S. W. 200.

The pleadings, the evidence, and the findings of the jury sustain the judgment of the trial court, and the Court of Civil

Appeals erred in reversing that judgment and rendering judgment for the city.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion delivered November 26, 1947.

Rehearing overruled December 31, 1947.