### DORMAN v. COOK.

No. 4940.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 12, 1953.

Rehearing Denied Dec. 9, 1953.

Houston Thompson, Silsbee, for appellant.

Richard N. Evans, Beaumont, for appellee.

R. L. MURRAY, Chief Justice.

The appellee Cook sued the appellant Dorman in the County Court of Orange County for damages to appellee's automobile arising out of a collision with a calf of the appellant on Highway 87 in Orange County. The case was tried to the court without a jury and the court rendered judgment for the appellee against the appellant in the sum of $350. The appellant has perfected his appeal by filing a transcript only. No statement of facts was filed.

The appellant filed what he denominated a supplemental transcript, but on motion of the appellee this instrument was stricken for the reason that the contents thereof had never been filed in the papers of this case and were not introduced in evidence. The appellant also included in the transcript what appeared to be "findings of fact and conclusions of law" but this instrument was stricken on motion of the appellee, since they were not the real findings of fact and conclusions of law. The instrument was never signed by the trial judge but the trial judge signed and filed another instrument which is properly in the transcript as findings of fact and conclusions of law.

Omitting the formal parts thereof, plaintiff's original petition was as follows:

"On March 25, 1952 the plaintiff was driving his automobile south on Highway 87 about one-half mile south of the junction of Highway 90 and Highway 87; the plaintiff was driving his automobile in a safe manner as an ordinarily prudent man would do in the same or similar circumstances; suddenly without any warning three calves ran across the highway directly in front of the car; the automobile struck one of the three calves, doing considerable damage to the plaintiff's automobile.

"At the point of the accident there was a stock law in force at the time of the accident, and this stock law prohibits allowing cattle to roam at large on public highways as well as private property.

"The calf hit by the plaintiff's automobile belonged to the defendant.

"On the occasion of the accident the defendant was guilty of negligence per se in allowing the calf which was hit by the plaintiff to roam at large in violation of the stock law; this act of negligence was the proximate cause of the collision and resulting damage to the plaintiff's automobile.

"Plaintiff would show the reasonable cash market value of his automobile in Orange County, Texas, immediately prior to said collision was Eighteen Hundred ($1800.00) Dollars; and the reasonable cash market value thereof immediately after said colli-

sion in Orange County, Texas, and before any repairs were made was the sum of Fourteen Hundred Fifty ($1450.00) Dollars that as a proximate result of the negligence of the said defendant the cash market value of plaintiff's said automobile in Orange County, Texas, was reduced in the total amount of Three Hundred Fifty ($350.00) Dollars, all to the plaintiff's damage in said sum."

The pleading of the defendant below was a general denial and nothing else. No exceptions were filed to the petition of the plaintiff below.

The trial court's findings of fact and conclusions of law are as follows:

"Findings of Fact

"1. George F. Cook, plaintiff, and Durwood Dorman, defendant, are both residents of Orange County, Texas.

"2. On March 26, 1952 George F. Cook was driving his automobile south on Highway 87 in Orange County, Texas about one half a mile south of the junction of Highway 90 and Highway 87, Orange County, Texas, which junction is known as the Circle which is at the end of MacArthur Drive.

"3. George F. Cook was driving his automobile in a safe manner as an ordinarily prudent man would do in the same or similar circumstances.

"4. Suddenly without any warning, a calf owned by the defendant, Durwood Dorman, ran across the highway directly in front of the automobile and the plaintiff's, George F. Cook's, automobile struck this calf.

"5. Durwood Dorman's calf being loose on the right-of-way of Highway 87, Orange County, Texas, and darting in front of George F. Cook's automobile was the proximate cause of the accident.

"6. Durwood Dorman's calf was loose, unattended and roaming at large.

"7. The accident did damage to George F. Cook's automobile and the accident happened on the right-of-way of Highway 87 between the circle, being the junctions of Highway 87 and Highway 90, and the O. & N. W. Railroad track right-of-way in Orange County, Texas.

"8. As a result of the damage done to George F. Cook's automobile and received in the accident, the automobile's market value was three hundred fifty dollars less after the accident than it was prior to the accident."

"Conclusions of Law.

"1. On March 26, 1952 there existed a valid law in full force and effect prohibiting the owners of cattle from allowing their cattle from roaming at large and loose at the place where George F. Cook's automobile struck the calf owned by Durwood Dorman.

"2. Durwood Dorman was negligent as a matter of law in failing to prohibit his calf to roam loose and at large."

■ Since no statement of facts is before us the appeal must be determined upon the pleadings of the parties, the judgment of the court and the findings of fact and conclusions of law as found by the court in support of its judgment.

The appellant's two Points of Error are as follows: (1) The judgment of the trial court is in error in that it is based upon the premise that the appellant was guilty of negligence per se; (2) the judgment of the trial court is in error in that it is based upon the premise that the appellee has violated a statute.

Under his first point the appellant makes the clever argument that the suit was brought for a violation of Articles 1369 and 1370 of the Penal Code, Vernon's Ann.P.C., which articles apply to any county or subdivision of any county in which the stock law has been adopted; that the pleadings of the appellee must be construed to charge the appellant with violation of one or both of such articles and not a violation of Article 1370a; that the trial court's findings do not show a violation of either of such articles. He says in his brief that there is nothing in the findings of fact or pleadings

or any where in the record to show that the highway in question had been fenced on both sides as is contemplated by Article 1370a of the Penal Code, Vernon's Ann. P.C., and he further argues that if the appellee's case has any merit it must be because of said Articles 1369 and 1370.

Article 1370a of the Penal Code, Vernon's Ann.P.C., reads in part as follows:

"Section 1. Any person owning or having control of any horse, mule, donkey, cow, bull, steer, hog, sheep, goat or any other livestock who permits the same to traverse or roam at large, unattended, on the right-of-way of any designated State Highway in this State where the same is enclosed by fences on both sides shall be guilty of a misdemeanor and upon conviction shall be fined in any sum not exceeding Two Hundred ($200.00) Dollars."

■ Under Rule 90, Texas Rules of Civil Procedure, any defect, omission or fault in a pleading, either in form or substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the trial judge is deemed to be waived by the parties seeking reversal. Under Rules 45 and 47, Texas Rules of Civil Procedure, the pleadings are to be fairly construed so as to do substantial justice, and a petition which contains a short statement of the cause of action sufficient to give fair notice of the claim involved is sufficient. Under these rules we think that a fair construction of the pleadings of the appellee in the trial court must be that he charged a violation by the appellant of Article 1370a of the Penal Code, Vernon's Ann.P.C., set out above. The petition alleges that the appellee was driving his automobile on Highway 87 and there had a collision with a calf that belonged to the appellant; that at the point of the accident a stock law was in force there "and this stock law prohibits allowing cattle to roam at large on public highways." The natural inference that must be given this pleading is that the accident occurred at a point on the State Highway where a stock law was in effect and at a point where it was fenced on both sides of the highway. Since Article 1370a,

supra, is the only stock law we have that applies to a fenced State Highway, the petition charged a violation thereof.

■ The trial court found in its conclusions of law that there existed a valid law prohibiting the owner of cattle from allowing their cattle to roam at large at the place where the automobile struck the calf. The court had already made a finding of fact that the collision between the automobile and the calf was on Highway 87. The two findings together, that the collision was on Highway 87 and that a valid stock law was in effect must be construed to include an implied finding that the highway was fenced on both sides at that point since by the wording of Article 1370a of the Penal Code, Vernon's Ann.P.C., that article was in force and effect only on State highways where they were fenced on both sides.

■ In the case of Adamcik v. Knight, Tex.Civ.App., 170 S.W.2d 521, 522 the Austin Court of Civil Appeals held that "evidence that defendant was owner of horse allegedly roaming at large on a fenced designated state highway was sufficient to present 'prima facie case' of liability for damages to automobile resulting from collision with horse, without further proof that defendant 'permitted' the horse to roam at large or that horse was under defendant's control or that defendant had any knowledge of fact that horse was on highway." This was held in construing Article 1370a of the Penal Code, Vernon's Ann.P.C. The Court further held that proof of ownership of such an animal raises prima facie presumption of negligence and shifts the burden of offering evidence to the owner. We believe that this rule applies here. Since there is no statement of facts before us we must assume for the purposes of this appeal that the trial court had before it no evidence to show that the appellant was without fault in allowing his calf to get out on the highway, or if there was such evidence before the trial court he did not believe it to be sufficient to overcome the presumption of negligence which attached upon proof that the appellant's calf was at large upon the highway. Under the

later cases of Wilkinson v. Paschall, Tex. Civ.App., 210 S.W.2d 215 and Lightsey v. Radtke, Tex.Civ.App., 219 S.W.2d 841, when there is conflicting evidence as to whether the animal escaped into a highway without negligence on the part of the owner, it becomes a fact question as to whether the owner was guilty of violating the stock law and of negligence per se. In the instant case, however, we have no statement of facts and therefore must presume that there were sufficient facts in evidence to support the finding and judgment of the trial court.

Under his second point the appellant argues that he could not be guilty of a violation of the stock laws, because the only ones that could apply here were Articles 1369 and 1370 of the Penal Code, Vernon's Ann.P.C., which articles require a showing that a stock law had been adopted by the voters at the place where the collision occurred; that there was no evidence that the voters in an election had placed said Articles 1369 and 1370 in effect at the place on Highway 87 when the collision with the calf occurred; that said Articles 1369 and 1370 and the construction given them by the courts require that a showing be made that an alleged violator had willfully allowed his stock to trespass and run at large or had willfully turned out or caused to be turned out his stock; that a showing of intent on the part of the appellant was necessary, both in the pleadings and the findings, in order to convict the owner of a violation of the stock law and negligence per se. We have already found in our discussion under appellant's first point that the suit must be construed to have been brought under a violation of Article 1370a of the Penal Code, Vernon's Ann.P.C. We therefore believe that the discussion of the effect of the other two articles of the Penal Code is of no consequence on this appeal.

From the pleadings of the parties and the findings and conclusions of the trial court and the judgment of the court, we must conclude that the appellant has shown no error and that the judgment should be affirmed.

Affirmed.