Hamlet I. DAVIS, Appellant,

v.

L. W. MASSEY, Appellee.

No. 3632.

Court of Civil Appeals of Texas.

Waco.

April 30, 1959.

Rehearing Denied May 21, 1959.

Red, Kemp & Fahey, Houston, for appellant.

Sewall Myer, Frank Campbell Fourmy, Houston, for appellee.

WILSON, Justice.

Appellant alleged property damage to an automobile resulting from a collision with appellee's horses on a public highway in Harris County; that "a stock law was in force and effect in Harris County, Texas, and the defendant, by negligently permitting said horses to run or roam at large upon a state and national public highway unattended violated the laws of Texas; that permitting such horses to run or roam at large as aforesaid was in violation of the law and negligence per se."

Appellant further pleaded ordinary negligence of appellee in failing to use "that degree of care that a reasonably prudent person would have used in the same or similar circumstances in keeping his horses off the highway." This issue was sub-

mitted in substance and found in appellee's favor by the jury. Appellant also pleaded "violation of an order of the Commissioner's Court of Harris County declaring the results of a stock law election."

Error is assigned to the trial court's refusal of appellant's requested issues submitting negligence per se.

It was undisputed that the horses were appellee's and that they were "running or roaming at large" on a highway in a county which had adopted the provisions of the local option "horse law." Vernon's Ann. Penal Code, art. 1370. There was evidence that some unknown person removed a section of appellee's fence, which was inspected daily, during his absence and without his knowledge, permitting escape of the valuable animals. Upon being notified his horses were out he immediately began an extensive unsuccessful search which lasted until dark. The collision occurred at 8:00 P.M.

■ The sufficiency of appellant's pleading to raise the issue of negligence per se as to violation of the Stock Law, Vernon's Ann.Civil Statutes, art. 6890 et seq., is very doubtful, even by a liberal construction of the rules of pleading, but if so considered, the evidence fails to establish negligence as a matter of law in this regard, Schumacher v. City of Caldwell, 146 Tex. 265, 206 S.W.2d 243; Jackson v. Overby, Tex. Civ.App., 185 S.W.2d 765; Lightsey v. Radtke, Tex.Civ.App., 219 S.W.2d 841; Texas & P. Ry. Co. v. Webb, 102 Tex. 210, 114 S.W. 1171; Mercer v. Evans, Tex.Civ.App., 173 S.W.2d 206, and the court properly refused the requested issues.

■ Appellant requested 12 separate issues en masse in a single instrument affecting separate defendants, some of which were undisputed, some of which the court submitted in substance, and others of which were subject to objection under the record. It has been repeatedly held that it is not error for the trial court to refuse requested issues under these circumstances. Edwards

**244**

v. Gifford, 137 Tex. 559, 155 S.W.2d 786, 788; Chance v. Scarbrough, Tex.Civ.App., 303 S.W.2d 832, 837; Sunset Motor Lines v. Blasingame, Tex.Civ.App., 245 S.W.2d 288.

 Appellant contends the following special issues misplace the burden of proof on him:

"Special Issue No. 1: Do you find from a preponderance of the evidence that after being informed on January 19th, 1956, that said horses were at large, that defendant Massey failed to exercise that degree of care that a reasonably prudent person acting under the same or similar circumstances would have exercised in failing to find and recapture said horses between the time on or about 5 p. m. and the time of said collision?

"Special Issue No. 3: Do you find, from a preponderance of the evidence, that Defendant Massey failed to exercise that degree of care that a reasonably prudent person, acting under the same or similar circumstances, would have exercised in maintaining his fences and gates on January 19, 1958?"

relying on Adamcik v. Knight, TexCiv.App., 170 S.W.2d 521, 522, no writ, holding that in an action based on violation of Vernon's Ann.P.C. art. 1370a, proof of ownership raises prima facie presumption of negligence and "shifts the burden of offering evidence to the owner." In Dorman v. Cook, Tex.Civ.App., 262 S.W.2d 744, 747, writ dis., in applying the quoted rule the court clearly delineated its limitation which governs the instant case: "We must assume for the purposes of this appeal that the trial court had before it no evidence to show that the appellant was without fault in allowing his calf to get out on the highway."

 The quoted issues do not involve application of either of the cited decisions since they substantially submitted common-law negligence pleaded by appellant. They are not, therefore, subject to the objections presented. What we have said above dis-

poses of the objection that the issue of negligence should not have been submitted.

Appellant's other points have been considered and are overruled. The judgment of the trial court is affirmed.