G. O. GREEN, Appellant,

v.

Albion A. EVANS et ux., Appellees.

No. 16039.

Court of Civil Appeals of Texas.

Dallas.

Oct. 26, 1962.

Rehearing Denied Nov. 16, 1962.

Ross Huffmaster, Kaufman, Jesse Rickman, Terrell, for appellant.

Wayne Pearson, Dallas, for appellees.

WILLIAMS, Justice.

Appeal by G. O. Green from a judgment based upon a jury verdict rendered on a suit brought by Albion A. Evans to recover damages to his automobile caused by a collision with a cow owned by Green.

Evans alleged that about 7:35 P.M. on April 16, 1960 he and his wife were traveling in their automobile along State Farm Road #987 in Kaufman County, Texas when a cow owned by Green ran across the road and struck the front of the vehicle, resulting in damages thereto. Various acts of negligence were alleged by plaintiff. It was first charged that defendant was guilty of negligence in that he violated Art. 1370 of the Penal Code of the State of Texas, Vernon's Ann.Civ.St. art. 1370, by knowingly permitting his cattle to run at large. In addition, plaintiff alleged that defendant had failed to maintain adequate fences and gates to confine his cattle and that such failure was negligence and a proximate

cause of the damage to plaintiffs' automobile. Defendant answered with a general denial and cross-action for damages caused by the loss of his cow.

The court submitted the case to the jury on special issues, Issue No. 1 being "Do you find from a preponderance of the evidence that the defendant failed to maintain an adequate enclosure to keep said cattle enclosed on defendant's own property on April 16, 1960?" The jury answered affirmatively; then finding such failure to be negligence which was a proximate cause of the collision. No issue was submitted to the jury on the alleged statutory violation charged by plaintiff. The jury then acquitted plaintiff and his wife from any contributory negligence and found that the accident was not the result of an unavoidable accident.

■ By appellant's first two points complaint is made of admission into evidence of various minutes and orders of the Commissioner's Court of Kaufman County, Texas relating to the adoption of a local stock law prohibiting cattle to run at large in Kaufman County. These instruments were obviously introduced by appellees in an effort to establish that Kaufman County had adopted a stock law which was in effect where this accident occurred, thereby supporting appellees' allegation of violation of Art. 1370 of the Penal Code. Appellant's Bill of Exception reflects that objection was made to the admission of the various instruments showing the establishment of the stock law in Kaufman County upon the grounds that no proclamation had been issued by the County Judge declaring the result of the election held to establish the stock law. Assuming, without deciding that it was error to admit the documentary evidence concerning compliance with the stock law, such error is not shown to have probably resulted in the rendition of an improper verdict and therefore harmless. Rule 434, Texas Rules Civil Procedure. The only issue submitted to the jury concerning defendant's liability was one based

upon common law liability. Accordingly, the admitted testimony which could only have a bearing upon statutory violation could result in no prejudice to appellant since no such issue was submitted to the jury. Appellant's first and second points are overruled.

By his third point on appeal, appellant complains of the failure of the trial judge to instruct the jury how to answer the issue on unavoidable accidents following the receipt of an inquiry from the jury concerning such issue. The record reveals that the court's submitted special issue to the jury was as follows: "Do you find from a preponderance of the evidence that the accident in question was not an unavoidable accident?

"You are instructed that in the event your finding in response to the above issue is in the affirmative, the form of your answer should be, 'it was not an unavoidable accident', and that otherwise your answer should be, 'no'." The jury answered this issue "Yes, it was not an unavoidable accident."

During the deliberation of the jury a written message was delivered to the court from the jury, reading as follows: "We agree that the accident was unavoidable. We do not like the construction of the question which contains a double negative." In response the court wrote the jury the following: "You must consider the charge as submitted."

Appellant contends that upon receipt of the inquiry from the jury indicating that they had agreed that the accident was unavoidable that it was then encumbent upon the court to instruct the jury that the question should be answered "It was an unavoidable accident." With this contention we cannot agree.

■■ In the first place the record fails to reveal that the appellant made any objection in writing to the method of submission of special Issue No. 4. Not having objected timely as required by the rules, any

objection thereto was waived. Rule 272, T.R.C.P. While it is true that Rule 286, T.R.C.P. provides that the court may, in proper manner, give further and additional instructions to the jury after their retirement, no such compliance with this rule is demonstrated by the record. The record does not reveal that appellant requested the court to give any additional instruction, as is now urged on appeal for the first time. Neither does the record indicate that appellant objected in any manner to the answer the court did give to the jury in which he merely reiterated that they must consider the charge as submitted. The method of submission of the unavoidable issue was approved in Pageway Coaches, Inc. v. Bransford, Tex.Civ.App., 71 S.W.2d 561. Appellant's third point is overruled.

By his point four appellant contends that the court erred in not instructing the jury to return a verdict for the defendant for the reason that there is no evidence that the defendant Green *knowingly* permitted any animal to run at large. This point is without merit and must be overruled for several reasons.

■ In the first place the record fails to disclose any written motion for instructed verdict by the defendant containing specific grounds therefor. The only indication in the record concerning such a motion is a docket entry merely reciting that defendant's motion for instructed verdict is overruled and defendant excepts. The motion itself is not contained in the record. Rule 268, T.R.C.P. provides that a motion for directed verdict shall state specific grounds therefor. Not having complied with the Rule defendant's point is not well taken. Routte v. Guarino, Tex.Civ.App., 216 S.W. 2d 607.

■ Furthermore, it is to be observed that by the wording of appellant's point that emphasis is placed upon the proposition that there is no evidence that defendant *"knowingly"* permitted his cattle to roam at large. This would indicate that the basis of appellant's contention is that appellee wholly failed to establish the necessary elements of a *criminal violation* as pled by appellee. The complete answer to this contention is, as pointed out in a preceding point, that the court did not submit the case to the jury on the theory of violation of a criminal statute. This phase of the case was completely eliminated. The matter was submitted to the jury on common law negligence only. Since this case falls clearly within the ambit of the common law tort it was not necessary for appellee to assume the burden of demonstrating *criminal intent* on the part of appellant or that he *"knowingly"* permitted the cattle to roam at large.

■ Even so, we have carefully examined the entire record in this case and we find ample evidence concerning the issue of appellant's enclosures, gates and fences being insufficient to contain the cattle on his land. In testing the question of failure to grant an instructed verdict it is only necessary to show some evidence of probative force in support of the issue. Here, we find a great deal of testimony concerning the inadequacy of the enclosure and therefore the trial court would have been justified in overruling a motion for instructed verdict, properly prepared and presented, based upon a "no evidence" contention. Appellant's fourth point is overruled.

■ In his fifth and last point appellant contends that the court erred in permitting the witness C. L. Davis to testify that one of defendant's cows was killed sometime following the incident in question. During the trial, the witness C. L. Davis, called by appellee, testified as follows:

"Q Do you know whether or not about two weeks after this Mr. Green got another cow run over in the same road? You know that don't you?

"A Yeah.

MR. RICKMAN: "Your Honor, at this time we want to object and ask for a mistrial, please sir."

After considerable discussion outside of the presence of the jury the court recalled the jury and instructed them as follows: "Ladies and Gentlemen of the Jury: I am instructing you not to consider the question and answer that Mr. Pearson just asked and the answer given just before you left the courtroom."

The court sustained the objection to the admissibility of such testimony and instructed the jury not to consider the same for any purpose. We cannot say that the jury disregarded the instruction of the court.

Appellant's fifth point is overruled.

The judgment of the trial court is affirmed.