**R. L. RAMEY et ux., Appellants,**

v.

**C. G. RICHARDSON, Appellee.**

**No. 7540.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 22, 1965.

Rehearing Denied Dec. 20, 1965.

Cox & Hurt, Plainview, for appellants.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a suit brought by the plaintiffs, R. L. Ramey and wife, Nita Ramey, against the defendant, C. G. Richardson, to recover damages for personal injury and property damage resulting from an accident when plaintiffs' automobile struck a steer owned by defendant. Plaintiffs allege that on or about 2:30 a. m. on September 2, 1962, they were driving their automobile on U. S. Highway 385 and that a calf or steer owned by defendant suddenly walked from the

unpaved portion of the right-of-way of such U. S. Highway up onto and started across the paved portion of such highway on the right-hand side thereof immediately in front of the automobile being operated by R. L. Ramey causing the damages and injuries therein alleged. In other words, the plaintiffs sought to recover from the defendant damages for injuries allegedly sustained as a result of an alleged violation of Article 1370a of the Vernon's Ann. Penal Code or in the alternative as a result of alleged acts of common-law negligence.

The case was submitted to the jury upon special issues. The following special issues and answers are the only issues here involved:

"SPECIAL ISSUE NO. 1

(a) Do you find from a preponderance of the evidence that the Defendant's steer ran at large on the occasion in question immediately prior to the collision?

ANSWER: "YES" OR "NO"

ANSWER: YES.

If you have answered the above and foregoing special issue "Yes" and only if you have so answered the same, then answer the following special issue:

(b) Do you find from a preponderance of the evidence that the running at large of Defendant's steer, if you have so found, was a proximate cause of the collision and damages?

ANSWER: "YES" OR "NO"
ANSWER: YES

SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that the Defendant, C. G. Richardson and/or his agents or employees, failed to exercise that degree of care that a reasonably prudent person acting under the same and similar circumstances would have exercised in

maintaining his fences and gates on September 2, 1962?

ANSWER: "YES" OR "NO"

ANSWER: YES.

If you have answered the foregoing special issue "yes" and only if you have so answered said issue, then answer the following special issue:

SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that such failure, if any you have so found, to maintain such fences and gates on September 2, 1962, was a proximate cause of the collision in question?

ANSWER: "YES" OR "NO"

ANSWER: Yes.

SPECIAL ISSUE NO. 4

Do you find from a preponderance of the evidence that the Defendant, C. G. Richardson, and/or his agents or employees, did learn that his steer had escaped from its pasture prior to the collision?

ANSWER: "YES" OR "NO"

ANSWER: NO."

Defendant made and filed a motion for judgment non obstante veredicto which was granted by the court and judgment entered that plaintiffs recover nothing and that the defendant go hence with his cost. From that judgment plaintiffs perfected this appeal. The parties will be referred to herein as they were in the trial court.

The plaintiffs present this appeal upon two assignments of error as follows:

"FIRST POINT

This case should be reversed because the Court should not have disregarded the jury's answers to Special Issues No. 1a and 1b which found that the Defendant's steer ran at large on the

occasion in question and that such running at large of Defendant's steer was a proximate cause of the collision and Plaintiffs' damages. Such findings by the jury entitled the Plaintiffs to have a judgment for their damages as found by the jury under Article 1370a of Vernon's Annotated Penal Code of the State of Texas.

SECOND POINT

This case should be reversed because the Court should not have disregarded the jury's answers to Special Issues No. 3 and 4 which found that the Defendant failed to exercise that degree of care that a reasonably prudent person acting under the same and similar circumstances would have exercised in maintaining his fences and gates on September 2, 1962 and that such failure was a proximate cause of the collision. The court should have granted Plaintiffs a judgment for their damages as found by the jury based on the findings the jury made to Special Issues No. 2 and 3."

■ Under Subdivision (a) of the first issue the only question asked was whether the steer ran at large on the occasion in question. It does not ask whether defendant knowingly permitted the steer to run at large. The undisputed record shows defendant did not know the steer was out on the highway. There is no evidence that defendant knew about the steer being on the highway. However, the jury found that defendant did not learn that his steer had escaped from its pasture prior to the collision. In order for plaintiffs to have recovered for their damages under Article 1370a of the Penal Code they had to show that defendant knowingly permitted the steer to roam at large. Where an animal has escaped from its owner's custody through no fault of his, it is not running at large in contravention of regulations. 3 Tex.Jur.2d, Sec. 44, p. 120; Presnall v. Raley, Tex.Civ.App., 27 S.W. 200; Schu-

macher v. City of Caldwell, 146 Tex. 265, 206 S.W.2d 243; Lightsey v. Radtke, Tex. Civ.App., 219 S.W.2d 841; Davis v. Massey, Tex.Civ.App., 324 S.W.2d 242.

It is stated in Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587 at 590 as follows:

> "The statute, as we construe it, prohibits the lending of an automobile only where the owner knows that the driver does not have a license. We do not think, therefore, that the mere proof, in the absence of actual knowledge, that the defendant's agents in the exercise of reasonable care should have known that Dickson did not have a license would show a violation of the statute."

■ Since Article 1370a provides any person owning or having responsibility for the control of any steer * * * knowingly permits the steer to roam at large, mere proof in the absence of actual knowledge that defendant in the exercise of reasonable care should have known the steer was on the highway did not show a violation of Article 1370a. We overrule plaintiffs' first point of error.

■ By plaintiffs' second point of error it is urged that they were entitled to judgment upon the findings of the jury in answer to Special Issues Nos. 2 and 3 where the jury found the defendant failed to exercise that degree of care that a reasonable prudent person acting under the same and similar circumstances would have exercised in maintaining his fences and gates on September 2, 1962, and that same was a proximate cause of the collision. The ultimate question here involved was whether there was an adequate fence to keep the steer off the U. S. Highway 385. No issue was requested of the court inquiring as to the fence being adequate. The issues submitted assumed that the fence and gate were not adequate. Issue No. 2 above

did not decide the ultimate fact issue. Consequently, it was not proper basis for judgment. Driver v. Worth Construction Company, 154 Tex. 66, 273 S.W.2d 603; Blythe County Line Independent School Dist. v. Garrett, Tex.Civ.App., 232 S.W.2d 248 and cases there cited.

The undisputed evidence is that the defendant leased the pasture in question from Jack Crouch and that Crouch was responsible for maintaining the fences and furnishing the water. There is no evidence that the fences and gates were not adequate or were in any manner in disrepair. We overrule plaintiffs' second point of error.

Judgment of the trial court is affirmed.

DENTON, Chief Justice (dissenting).

I respectfully dissent. The majority has placed an undue burden on the plaintiffs below in requiring proof that the defendant "knowingly permitted" the steer to run at large. The defendant's answer contained only a general denial and allegations of specific acts of negligence on the part of the plaintiff and unavoidable accident. The trial court granted the defendant's motion for a judgment non obstante veredicto. This motion was based on the proposition that the evidence was uncontradicted that there was no common law duty on the part of the defendant to keep his steer penned on the occasion in question; alternatively, that there was no evidence or insufficient evidence to support any finding of common law negligence on the part of the defendant; and that there was no evidence or insufficient evidence to support a finding of a violation of Article 1370a, Texas Penal Code. The defendant further pleaded alternatively that the jury findings to the named special issues should be disregarded because such issues were not supported by any evidence; and that the undisputed evidence established that the defendant did not knowingly permit the steer to roam at large and that he adequately maintained the fence; and that the defendant had no knowledge prior to the accident that the

**292**

animal was at large. In granting this motion the trial court did not state the basis upon which it was granted. It obviously could not be based on the insufficiency of the evidence.

It was stipulated by the parties that the "steer in question was owned by C. G. Richardson, that he was the person owning and having responsibility for control of the animal," and that the collision took place on the right-of-way of U. S. Highway 385, and that it was a U. S. highway within the meaning of Article 1370a. There was positive testimony that the steer in question was roaming at large unattended on the highway at the time of the accident. It has been held in cases construing 1370a that evidence that the defendant was the owner of an animal allegedly roaming at large on a fenced designated highway was sufficient to present a "prima facie case" of liability for damages resulting from a collision with that animal; without further proof that the defendant "permitted" the animal to roam at large or that the defendant had any knowledge of the fact the animal was on the highway. Adamcik v. Knight (Tex. Civ.App.), 170 S.W.2d 521. That case also held that the proof of ownership of such an animal raises a prima facie presumption of negligence and shifts the burden of offering the evidence to the owner. See also Dorman v. Cook (Tex.Civ.App.), 262 S.W. 2d 744 (Writ Dismissed). I think these rules are applicable here under this record.

I also seriously question whether or not the trial court properly submitted the case to the jury on the theory of a violation of a criminal statute. If so, it was done by the submission of special issues 1a and 1b. These issues simply inquire if the defendant's steer ran at large on the occasion in question and, if so, was it a proximate cause of the collision and damages. Where cases of this general nature are submitted on the common law tort principle it is not necessary for the plaintiff to assume the burden of demonstrating criminal intent on the part of the defendant or that he "knowingly"

permitted the steer to roam at large. Green v. Evans (Tex.Civ.App.), 362 S.W.2d 377.

I would reverse the judgment of the trial court and remand the cause for retrial on its merits.