Joe **WEDDLE**, Jr., Appellant,

v.

Grady C. **HUDGINS**, Appellee.

No. 555.

Court of Civil Appeals of Texas, Tyler.

Aug. 12, 1971.

Rehearing Denied Sept. 2, 1971.

J. Kearney Brim, Sulphur Springs, for appellant.

Flynt & Pickett, James Douglas Pickett, Winnsboro and Mineola, for appellee.

McKAY, Justice.

Appellee sued appellant for damages for personal injuries and for damages to his pick-up truck resulting from a collision at night with a cow on Farm-to-Market Road No. 17 in Wood County on November 16, 1967. Trial was before a jury, and in accord with the verdict, judgment was rendered for appellee for $1,613.00. Appellant brings this appeal on four points.

■ Appellant's first point complains that there is no common law or statutory basis for a negligence finding against him because he owed no duty to appellee. We do not find this complaint in appellant's amended motion for new trial, and under Rule 374, Texas Rules of Civil Procedure, it is waived. However, if this point is intended to raise a fundamental error, the question has been answered against appellant's contention. Article 1370a, Penal Code, V.A.T.S., makes it unlawful to knowingly permit a cow to traverse or roam at large, unattended, on the right-of-way of any U. S. Highway or State Highway but not including numbered Farm-to-Market roads. Article 1370, Penal Code, V.A.T.S., provides it is unlawful to knowingly permit any cattle to run at large where the provisions of the laws of this State have been adopted prohibiting such animals from running at large. When it is shown that the county had adopted the stock law, as it was shown here, the statutory basis for a finding of negligence would be the same as under Article 1370a,

and the authorities have held that liability for a collision between an animal and an automobile may be imposed on the owner of the animal based upon his having unlawfully permitted it to run at large on a highway in violation of a statute and that such act was a proximate cause of the collision. 7 T.J.2d, sec. 183, page 532; Adamcik v. Knight, 170 S.W.2d 521 (Tex. Civ.App., Austin, 1943, n. w. h.); Dorman v. Cook, 262 S.W.2d 744 (Tex.Civ.App., Beaumont, 1953, writ dism.); Green v. Evans, 362 S.W.2d 377 (Tex.Civ.App., Dallas, 1962, n. w. h.); Ramey v. Richardson, 397 S.W.2d 288 (Tex.Civ.App., Amarillo, 1965, writ ref., n. r. e.); 59 A.L.R.2d 1328. Appellant's first point is overruled.

■ The jury found appellant "knowingly permitted his cattle to roam and traverse at large upon a road or highway in Wood County, Texas" and that such conduct was a proximate cause of the collision. The jury also found that appellant failed to maintain adequate fences and gates sufficient to enclose cattle, and that such conduct was negligence and a proximate cause of the collision. Appellant contends that the trial court erred in refusing to find appellee guilty of contributory negligence because appellee admitted he saw appellant's cattle loose on the right-of-way about sixty percent of the time, and that he was driving fifty or fifty-five miles per hour at night when it was dark. The jury found appellee did not fail to keep a proper lookout, that he did not operate his vehicle at a high and dangerous rate of speed, and that it was not an unavoidable accident. The verdict exonerated appellee of contributory negligence, and we find no negligence as a matter of law. Appellant's second point is overruled.

■ Appellant contends by his third point that there was no evidence to support the jury's finding and the judgment that appellee's pickup truck had a value of $1,650.00 immediately prior to the collision. We disagree. Appellee testified over ap-

pellant's objection that the pickup had a value of $1,700.00 before the collision, and the disinterested witness Avery, who appeared to be qualified in all respects, testified it had a value of $1,650.00 on November 15, 1967, prior to the accident. Appellant's third point is overruled.

By his fourth point, appellant says the stock law was illegally voted in Wood County and that the trial court erred in entering judgment based upon it. This point was not raised in appellant's amended motion for new trial, and it is therefore not before us. Rule 374, T.R.C.P. However, the order calling the election, the canvas of the returns, the order declaring the results thereof, and the proclamation of the County Judge appear to be regular and in harmony with Articles 6930–6937, V.A.T.S.

The judgment of the trial court is affirmed.