**Edgar HANNA, Appellant,**

v.

**Floyd K. WRIGHT, Appellee.**

**No. 735.**

Court of Civil Appeals of Texas, Tyler.

Jan. 17, 1974.

Rehearing Denied Feb. 7, 1974.

H. L. Edwards, Nacogdoches, for appellant.

McWhorter & Earley, Bill McWhorter, Nacogdoches, for appellee.

McKAY, Justice.

Suit was brought by appellee Wright against appellant for damages to an automobile resulting from a collision on a public road with a cow owned by appellant. A jury trial resulted in a judgment for appellee in the amount of $925.00, and appellant brings this appeal.

During the course of the trial, appellee, as plaintiff, offered in evidence an Order Declaring Results of an election held November 5, 1957, to determine whether cattle should be permitted to run at large in Nacogdoches County. The order was signed by the County Judge, the County Clerk and the Justice of the Peace of Precinct No. One, and it was filed for record in the Minutes of the Commissioners' Court of Nacogdoches County. Upon objection by appellant that the Order Declaring Results was not valid nor admissible unless the proclamation by the County Judge was also proved, the court sustained appellant's objection, and the Order was not admitted in evidence. However, the Order Declaring Results is included in two exhibits (Pl. 1, 7) attached to the Statement of Facts, but there is no record of them being offered on a bill of exception. The County Clerk testified that there was an Order Declaring Results of the stock law election in Nacogdoches in 1957 in the minutes of the Commissioners' Court in Volume N, pages 509 and 510 on file in the County Clerk's office.

There were two issues voted on by the people in Nacogdoches County on the same day, November 5, 1957, one was whether to invoke the stock law as applied to horses, mules, jacks, jennets, donkeys, hogs, sheep and goats, and the other was whether to invoke the stock law as applied to cattle. We are concerned here only with the statutes pertaining to an election held to determine whether to invoke the stock law for cattle, Arts. 6954 through 6971, Vernon's Ann. Texas Civ.St.

Appellant complains that the trial court erred in rendering judgment for appellee because there was no proof that the County Judge declared the results of the stock law election and issued his proclamation. The Order Declaring Results of the cattle election was not admitted in evidence upon the objection of appellant, but the court stated that such exhibits or portions thereof not admitted "are for the record." Such order, attached to the Statement of Facts, was made by the County Judge, County Clerk, and Justice of the Peace of Precinct No. One of Nacogdoches County on November 12, 1957. The said Order declared "that a majority of the freeholders and qualified voters in said County voting at said election voted for said proposition," there being 944 votes for the stock law and 393 against.

We believe the above order was admissible and should have been admitted by the trial court. Art. 6961, V.A.T.S., provides:

"The returns shall be opened, tabulated and counted by the county judge in the presence of the county clerk and at least one justice of the peace of the county, or of two respectable freeholders of the county, and an order showing the result shall be duly recorded in the minutes of the commissioners court in the said county. *The order showing the result of said election thus determined, certified and recorded, shall be held to be prima facie evidence that all the provisions of law have been complied with in present-*

*ing the petition, the action of the court thereon ordering the election, the giving of notice and holding said election, and in counting and returning the votes and declaring the result thereof, and, if said election be then declared to be in favor of the stock law, then after thirty days from said date, it shall be prima facie evidence that the proclamation required by law has been made and published as required by law.*" (Emphasis added.)

Art. 6962, V.A.T.S., provides that if a majority voted for the stock law "the county judge shall immediately issue his proclamation declaring the result," and said proclamation be posted at the court-house door. If such a proclamation was issued, there is no record of it. However, the procedure set out in Art. 6961 was followed by the County Judge, County Clerk, and Justice of the Peace; moreover, the language of the statute seems to foreclose any question that proof of the proclamation is necessary to the admissibility of the Order Declaring Results of the election.

■■ While we are of the opinion that it was error to exclude the Order Declaring Results of the stock law election for cattle, such error does not call for a reversal of this case. Rule 434, Texas Rules of Civil Procedure. No evidence was offered

by appellant to overcome the prima facie evidence aspect of the statute. Such error was invited by appellant's objection to the admissibility of the Order and he should not now be heard to complain of the court's action or to take advantage of the error he caused. Cheesborough v. Corbett, 155 S.W.2d 942 (Tex.Civ.App.-Galveston, 1941, error ref'd, w. o. m.). Since we hold that such order should have been admitted, we consider it as being in the record as a bill of exception, though not so designated, and, therefore, before us on this appeal.

Appellant's next point is that the trial court erred in failing to render judgment for appellant based on the answers to issues Nos. 2, 4, and 7.[1] These issues were answered negatively by the jury and such answers found that the appellee, as plaintiff, failed to prove by a preponderance of the evidence that appellant knowingly permitted his livestock to roam at large unattended, that he failed to properly inspect his fences, and that he failed to keep all fences around his property in an adequate state of repair. The jury answered issues Nos. 11, 12 and 13[2] that appellant failed to maintain all his gates in place, that such failure was negligence and a proximate cause of the damage to appellee. The judgment for appellee was based upon issues 11, 12 and 13.

1. "SPECIAL ISSUE NO. 2

Do you find from a preponderance of evidence that defendant knowingly permitted his livestock to roam at large, unattended, at the time and place of the occurrence in question?
Answer 'Yes' or 'No'
ANSWER: NO

"SPECIAL ISSUE NO. 4

Do You find from a preponderance of the evidence that Defendant failed to properly inspect his fences?
Answer 'Yes' or 'No'
ANSWER: NO

"SPECIAL ISSUE NO. 7

Do you find from a preponderance of the evidence that Defendant failed to keep all fences around property which he owned or leased in an adequate state of repair?
Answer 'Yes' or 'No'
ANSWER: NO"

2. "SPECIAL ISSUE NO. 11

Do you find from a preponderance of the evidence that Defendant failed to maintain all his gates in place?
Answer 'Yes' or 'No'
ANSWER: YES

"SPECIAL ISSUE NO. 12

Do you find from a preponderance of the evidence such failure, if any was negligence?
Answer 'Yes' or 'No'
ANSWER: YES

"SPECIAL ISSUE NO. 13

Do you find from a preponderance of the evidence that such failure, if any, was a proximate cause of the occurrence in question?
Answer 'Yes' or 'No'
ANSWER: YES"

■ Appellant contends that appellee's pleading should have alleged "knowingly," and that there should have been a jury finding of "knowingly" permitting appellant's cattle to run at large. It has been held that "liability for a collision between an animal and an automobile may be imposed on the owner of the animal based upon his having *unlawfully* permitted it to run at large on a highway in violation of a statute and that such act was a proximate cause of the collision." Dorman v. Cook, 262 S.W.2d 744 (Tex.Civ.App.-Beaumont, 1953, writ dism.); Weddle v. Hudgins, 470 S.W.2d 218 (Tex.Civ.App.-Tyler, 1971, writ ref'd, n. r. e.); Adamcik v. Knight, 170 S.W.2d 521 (Tex.Civ.App.-Austin, 1943, no writ). Art. 1370, Vernon's Ann. P.C. (now Art. 6946b, V.A.T.S.) uses the word "knowingly", but Art. 1370a, V.A.P. C. (now Art. 6971a, V.A.T.S.) does not. Appropriate pleadings and proof would make a violation of Art. 1370a unlawful and such unlawful act supports a judgment for a negligent act which is a proximate cause of the damage. Weddle v. Hudgins, supra. Point two is overruled.

■ Appellant claims by his point 3 that the jury's answers to issues 2, 4 and 7 are in direct conflict with the answers to issues 11, 12 and 13. We disagree. As pointed out, in issues 2, 4 and 7 the jury simply found appellee failed to make certain proof by a preponderance of the evidence. This point is overruled.

■ In his fourth point appellant claims there were no pleadings or proof to support a judgment for appellee of $925.00. Appellee alleged the value of his automobile before the collision to be $1,000.00 and the value after the collision to be $58.00, and his prayer was for $942.00. The jury found the value before to be $1,050.00 and the value after to be $125.00. The judgment was for $925.00. The measure of damages for an automobile damaged in an accident is the difference between the market value immediately before a collision and the market value immediately after a collision. 17 Tex.Jur.2d Sec. 81, pp. 154, 155. The finding of the jury that the value of appellee's automobile before the collision was $1,050.00 or that the value after the collision was $125.00, if error, was harmless error since the judgment for $925.00 was within the prayer of appellee for $942.00 alleged to be the difference in market value of his vehicle before and after the collision. Appellant's fourth point is overruled.

Judgment of the trial court is affirmed.