Carole Vinyard **WARREN** and Robert S. Vinyard Independent Executors of the Estate of B. L. Vinyard, Deceased, Appellants,

v.

Alice Joyce **DAVIS,** Individually and a/n/f of Robin Davis, et al., minors, Appellees.

No. 1081.

Court of Civil Appeals of Texas, Corpus Christi.

June 30, 1976.

Rehearing Denied Aug. 30, 1976.

Don Karotkin, Wyckoff, Eikenburg, Dunn & Frazier, Houston, for appellants.

Gerald H. Buttrill, Miller, Gann & Perdue, Houston, for appellees.

## OPINION

BISSETT, Justice.

This is a venue case. The plaintiffs attempt to hold venue in Matagorda County, Texas under the provisions of Subdivision 9a of Tex.Rev.Stat.Ann. art. 1995. On July 19, 1971, Alice Joyce Davis, Individually and as next friend for Robin Davis, Robert Davis, Jr. and Sibyl Davis, her minor children, brought an action against B. L. Vinyard to recover damages for the wrongful death of Robert Taylor Davis, her husband and the father of the children. Davis was killed on April 9, 1971 when a bull owned by B. L. Vinyard allegedly ran into and collided with an automobile in which he was riding. The collision occurred on Farm-to-Market Road

457 in Matagorda County, Texas. B. L. Vinyard, the defendant, filed a plea of privilege to be sued in Wharton County, Texas, where he was domiciled. The plea was controverted. Prior to a hearing thereon, B. L. Vinyard died, and Carole Vinyard Warren and Robert S. Vinyard, Independent Executors of his Estate, were substituted as defendants.

Following a hearing before the court, the plea of privilege was overruled. The substituted defendants have perfected an appeal to this Court. We affirm.

The appellants, in a single point of error, complain:

"The trial court erred in overruling defendant's plea of privilege when there was no evidence of negligence."

Plaintiffs alleged: that the occurrence in question took place on a public road in Matagorda County, Texas; that the damages sustained by them were proximately caused by the negligence of defendant "in failing to keep said bull properly fenced and restrained and in causing and permitting him to roam at large in Matagorda County, Texas, in direct violation of both the laws of this State and the Stock Law of Matagorda County, Texas"; and, alternatively, "that this occurrence is of such character that it would not ordinarily occur in the absence of negligence and that the instrumentalities causing said Robert Taylor Davis' death were under the management and control of the defendant".

Since no findings of fact or conclusion of law are either requested or filed, if there is any probative evidence to support the judgment of the trial court and the implied findings of fact incident thereto, it is the duty of an Appellate Court to consider only the evidence most favorable in support of the judgment, to indulge all reasonable inferences in favor thereof, and to disregard entirely the evidence which is opposed to the judgment. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950); *Loyd W. Richardson Construction Company v. Corpus Christi State National Bank,* 513

S.W.2d 287 (Tex.Civ.App.—Corpus Christi 1974, no writ). The judgment of the trial court, under the record here presented, must be affirmed if it can be upheld upon any legal theory that finds support in the evidence. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex.Sup.1968). Absent findings of fact and conclusions of law, it must be presumed that the trial court resolved all disputed fact issues in favor of its judgment. *Construction and General Labor Union v. Stephenson,* 148 Tex. 434, 225 S.W.2d 958 (1950).

The evidence consists of: 1) the depositions of Alice Joyce Davis, E. C. Hammons and C. H. Parks; 2) a stipulation that a stock law was in force in Matagorda County on the date of the occurrence; 3) certified copies of certain documents on file in the office of the County Clerk of Matagorda County relating to the stock law. Since we hold that there was evidence of common law negligence, we do not discuss the issues of either negligence per se, or negligence under the doctrine of res ipsa loquitur.

It is undisputed that the occurrence in question took place in Matagorda County, Texas. On April 9, 1971, Robert Taylor Davis and his family were proceeding in an automobile along Farm-to-Market Road 457, (FM 457), in Matagorda County, when, at about 11:30 p. m., their car was struck by a bull that was owned by B. L. Vinyard. Davis suffered a fatal injury as a result thereof. Vinyard, who lived in Wharton County, owned a 3,000 acre ranch in Matagorda County, which was located near the place where the accident happened. He went to the ranch about six days a week, where he would spend from thirty minutes to the entire day, depending upon conditions then existing. At the time of the collision, Vinyard was also developing a residential subdivision near the scene of the accident.

The Vinyard Ranch was divided into several pastures. The bull that collided with the automobile was kept in a pasture that had a boundary fence a few hundred feet distant from FM 457. This pasture was

enclosed by a very substantial and sturdy fence that had seven strands of barbed wire on the side closest to FM 457. There were several gates in the fence. The gates were padlocked and were kept closed and locked at all times. The only persons who had keys to the padlocks were Vinyard and his two employees, E. C. Hammons and C. H. Parks, part time ranch-hands.

Hammons worked and doctored the cattle whenever the need arose. He did not live on the ranch and was there at infrequent intervals. He worked on a total of about forty days each year, tending the cattle. He went to the ranch only when Vinyard called him.

Parks was on the ranch practically every day. He checked the fences almost daily. On the morning of April 10, 1971, he received a telephone call from Vinyard, who told him what had happened. He went to the scene of the accident, where he was told: "the man run into a bull." He found a bull, which he said was owned by Vinyard, on the side of the road. The bull was dead. He arrived there at about 7:00 a. m. He testified that the bull had been kept in the Vinyard pasture nearest FM 457, and that the last time he had seen it was about 8:30 a. m. on April 8, 1971. The bull was in the pasture at that time.

Parks made a personal investigation of the fence which enclosed the pasture where the bull was kept during the morning of April 10, 1971, immediately after he disposed of the animal carcass. All fence posts were upright and in place; the several strands of barbed wire that made up the fence were intact; and all gates were found to be closed and locked. It is undisputed that although the bull could have gotten out of the pasture by crawling under or breaking through the fence, nothing was found which indicated that he did get out in either of those ways. Parks said that he was too big, heavy, and short-legged to jump over the fence, and had he crawled under or broke through the fence he would have left tell-tale signs, such as tracks, scrape marks, hair on the wire, broken wires, loose staples in the fence posts, et cetera. He did not find any such signs.

■ Even though there is no direct evidence that B. L. Vinyard, Hammonds or Parks, committed any act of common law negligence, either active or passive, in Matagorda County, proof of acts constituting negligence may be made by circumstantial evidence. *Tijerina v. Nerio,* 497 S.W.2d 72 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Southland Supply Company v. Gebhart,* 439 S.W.2d 393 (Tex.Civ.App.—Texarkana 1969, no writ); *Big Three Welding Equipment Company v. Reeh,* 301 S.W.2d 504 (Tex.Civ.App.—San Antonio 1957, no writ); *Williams v. Rearick,* 218 S.W.2d 225 (Tex.Civ.App.—Amarillo 1949, no writ).

■ The evidence conclusively shows that the perimeter fence of the pasture, which was in place both before and after the happening of the occurrence in question, was sufficient to retain the bull that was kept in the pasture. It is further conclusively established that the bull did not break through or crawl under the circumscribing fence, and that his size and short legs made it physically impossible for him to have jumped over the fence. Therefore, the only way that the bull could have escaped would have been for someone to have opened a gate in the pasture fence. The only persons who had keys to the padlocks on the gates were, as already stated, Vinyard, Hammons and Parks. Under the circumstances here presented, an inference can be drawn that only Vinyard, Hammons, or Parks, could have unlocked a padlock and opened a gate, which, if done, would have provided a means for the bull to escape the enclosure.

We hold that the evidence will support implied findings of facts which constitute common law negligence that proximately caused the death of Davis.

This case is distinguishable on the facts from *Keyser v. Lackey,* 523 S.W.2d 295 (Tex.Civ.App.—Corpus Christi 1975, no writ), where the cattle escaped the enclosure because someone, whose identity was

not established, opened a wire gap in the fence and left it open. There, the gap, which was not locked, could have been opened by anyone. In the instant case, the gates were padlocked and could be opened only by someone who had a key to the locks. Here, there are no facts in evidence from which it can be inferred that anyone except Vinyard, Hammons and Parks had keys to the padlocks.

■ The appellees have shown actionable negligence against the appellants so as to maintain venue in Matagorda County, Texas, under Subdivision 9a of the venue statute. Appellants' point is overruled.

The judgment of the trial court is AFFIRMED.