NUMBER 13-01-234-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


WESLEY GOODE AND MARCY PARKINSON, Appellants,



v.




W. H. BAUER A/K/A THE LASALLE RANCH , Appellee.

___________________________________________________________________


On appeal from the 135th District Court

of Calhoun County, Texas.

__________________________________________________________________



O P I N I O N


Before Chief Justice Valdez and Justices Rodriguez and Dorsey (1)

Opinion by Justice Dorsey


 Wesley Goode and Marcy Parkinson sued W. H. Bauer a/k/a The LaSalle Ranch after Mr. Goode's vehicle hit
a cow on Highway 185 in Calhoun County, Texas, with resulting personal injuries. The case was tried to a
jury that found against the plaintiffs, appellants here, and a take-nothing judgment was accordingly entered. 
Appellants bring one issue on appeal challenging the trial court's refusal to submit their requested instruction,
"that the law provides that a person may not permit a head of cattle to run at large in Calhoun, County,
Texas," and that a failure to comply is "negligence in itself." 

 We affirm.

 Four landowners were grazing cattle on lands adjacent to the accident site. The ownership of the unbranded
and unmarked cross breed cattle roaming the highway right of way was sharply disputed, with the appellee
Bauer denying ownership and the resulting responsibility to restrain them. Although appellee sought an issue
to determine ownership of the errant cattle, it was opposed by appellant and refused by the court. 

 Calhoun County has adopted a local stock law as permitted by statute, with the result that livestock may not
run at large in the county. Tex. Agric. Code Ann. § 143.074 (Vernon 1982). Appellants pleaded a violation
of section 143.074, and section 143.082, which declares it to be a misdemeanor if one "knowingly" permits
livestock to run at large in Calhoun County. Id. § 143.082 (Vernon Supp. 2003). Appellants pleaded that the
violations of these statutes by appellees constituted negligence per se. 

 Appellants sought the following instruction and question, but both were refused by the trial court:

 With respect to W. H. Bauer a/d/a The LaSalle Ranch you are instructed that the law provides that a person
may not permit a head of cattle to run at large in Calhoun County, Texas. A failure to comply with this law is
negligence in itself.



 Did the negligence, if any, of LaSalle Ranch proximately cause the occurrence in question?



 As authority for this instruction, appellants relied solely on section 143.074 of the agriculture code, which
states in its entirety:

 Section 143.074. Effect of Election; Adoption of Subchapter



 (a) If a majority of the votes cast in an election are for the proposition, this subchapter is adopted and, after
the 30th day following the date on which the proclamation of results is issued, a person may not permit any
animal of the class mentioned in the proclamation to run at large in the county or area in which the election
was held.

 

 (b) Sections 143.077-143.082 of this code apply only in a county or area in which this subchapter has been adopted.



Id. § 143.074. The trial judge gave the following negligence per se instruction and issue based on section
143.082:

 You are instructed that the law provides that a person may not knowingly permit a head of cattle to run at
large in Calhoun County, Texas. A failure to comply with this law is negligence.



 Question No. 1: Do you find that the La Salle Ranch was negligent by knowingly permitting a head of cattle
to run at large which was involved in the incident on the occasion in question?



 A person acts knowingly, or with knowledge, with respect to the nature of his conduct or the circumstances
surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A
person acts knowingly, or with knowledge, with respect to the result of his conduct when he is aware that his
conduct is reasonably certain to cause the result.



 Appellants argue that section 143.074 is violated if appellee "permitted" his livestock to run at large, and a
violation of the statute is a breach of a common law duty sufficient to impose liability. Accordingly, appellants
argue, it was improper for the judge to impose a higher burden on them and to require the jury to find the
appellee "knowingly" permitted his stock to roam at large in order to be liable. Appellants' theory of the case
is that to permit one's cattle to run at large is a violation of section 143.074 and as such is negligence per se,
or negligence as a matter of law.

 There is no common law duty in Texas for an owner of livestock to restrain his animals within fences. Gibbs
v. Jackson, 990 S.W.2d 745, 747 (Tex. 1999) (quotingClarendon Land, Inv. & Agency Co. v. McCelland, 86
Tex. 179, 23 S.W. 576 (1893)) ("Neither the courts nor the legislature of this state have ever recognized the
rule of the common law of England which requires every man to restrain his cattle either by tethering or
inclosure . . . . It is the right of every owner of domestic animals in this state, not known to be diseased,
vicious, or 'breachy,' to allow them to run at large."). Any duty to restrain livestock is statutory. Gibbs, 990
S.W.2d at 747-48 (owner of horse in county that had not adopted stock laws had no duty to prevent animal
from running at large on farm-to-market highway). 

 There are essentially two types of statutes that address an owner's obligation regarding livestock: (1) section
143.102 of the agriculture code, prohibiting all owners of livestock to knowingly allow their animals to roam
at large on the right of way of a state or federal highway in Texas, regardless of whether the local county has
adopted the stock laws requiring the restraint of livestock; and (2) "stock laws" in those counties that have
adopted them. In those counties that have adopted the stock laws by local election, an owner of livestock may
not permit the stock to run at large under section 143.074 of the agriculture code; and if he does so
knowingly, he is guilty of a misdemeanor under section 143.082 of the code. Tex. Agric. Code Ann. §§
143.074, 143.082.

 Negligence per se is the doctrine that allows courts to rely on a penal statute to define a reasonably prudent
person's standard of care. Reeder v. Daniel, 61 S.W.3d 359, 361-62 (Tex. 2001). The effect of declaring
conduct as negligence per se is that the conduct constitutes negligence as a matter of law. Parrott v. Garcia,
436 S.W.2d 897, 900 (Tex. 1969). Several factors determine whether the violation of a criminal statute
gives rise to negligence per se. The primary ones are whether the plaintiff is in the class of persons the statute
was designed to protect, and whether his injury is the type of injury the statute was designed to prevent. 
Reeder, 61 S.W.3d at 366 (Phillips, J., concurring). Additional considerations include whether the statute is
the sole source of any tort duty, or whether it merely supplies a standard of conduct for an existing common
law duty; whether the statute puts the public on notice by clearly defining the required conduct; whether the
statute would impose liability without fault; whether negligence would result in ruinous damages
disproportionate to the seriousness of the statutory violation; and whether the plaintiff's injury is a direct or
indirect result of the violation of the statute. Id. (citing Perry v. S. N., 973 S.W.2d 301, 309 (Tex. 1998)).
Applying those considerations, we hold that a violation of section 143.074 of the agriculture code will not
constitute negligence per se. 

 Section 143.074 is not a penal statute; rather, it creates a duty on the keepers of livestock in counties that
have adopted local stock laws to restrain their cattle. It is designed to protect all persons and property from
wandering animals, not just motorists. On the contrary, section143.102 is a specific prohibition against animals
roaming at large on state or federal highways. The plaintiffs are not in the category of persons that
section143.074 was specifically designed to protect. 

 No standard of care is stated in section 143.074; instead, the construction desired by appellants would create
the equivalent of strict liability for the owner of livestock that happen to stray. However liability for a
violation of the stock laws has always required more than the presence of the defendant's animals in a
forbidden place. As the supreme court said in Tex. & Pac. Ry. Co. v. Webb, 102 Tex. 210, 114 S.W. 1171
(Tex. 1908):

 While the stock law is intended to require owners to confine animals, the running at large of which is
prohibited, and one who permits them to run at large violates the law, it is true, nevertheless, that such animals
may often escape without fault on the part of their owners, when the latter will be guilty of no offense against
the law. . . . But we cannot see how the stock law could so operate against one guilty of no violation of it;
and, as before shown, the mere fact that an animal is at large is not necessarily a violation.



Id. at 1173. More recently the supreme court has held that the presence of a horse on a U. S. highway does
not create a presumption that the owner is negligent. Beck v. Sheppard, 566 S.W.2d 569, 572 (Tex. 1978). 
The courts have been universal in holding there must be some fault on the part of the owner of the animal that
strayed onto a highway whether the county had adopted stock laws or under the statutory prohibition of
livestock running at large on federal or state highways. See, e.g., Straitway Transport, Inc. v. Mundorf, 6
S.W.3d 734, 741 (Tex. App.--Corpus Christi 1999, pet. denied); Hanna v. Wright, 504 S.W.2d 779, 782-783
(Tex. Civ. App.--Tyler 1974, no writ).

 Because the legislature has adopted a standard of criminal culpability does not necessarily mean that the
supreme court must adopt that as a standard of civil liability. Carter v. William Sommerville and Son, Inc.,
584 S.W.2d 274, 278, (Tex. 1979) (citingHowsley v. Gilliam, 517 S.W.2d 531 (Tex. 1975) (other citations
omitted)). The negligence of the keeper of livestock in failing to properly restrain his animals is the usual basis
for imposing liability when there is a statutory duty to restrain. See Straitway Transport, Inc., 6 S.W.3d at
741 (charge on negligence for failure to properly latch gate to allow animals to roam on interstate highway);
Hanna, 504 S.W.2d at 782 (although jury failed to find defendant knowingly permitted livestock to roam at
large, it found negligence in failing to maintain gates, and such was proximate cause of collision). A violation
of the statute requiring restraint of animals in stock law counties does not create a prima facie case for
recovery so as to require the owner of livestock to prove an excuse or explanation for the animals' escape. 
Davis v. Massey, 324 S.W.2d 242, 243 (Tex. Civ. App.-Waco 1959, no writ).

 We hold the trial court did not err in refusing to submit the requested instruction and question to the jury. 
The judgment is AFFIRMED.



___________________________

J. BONNER DORSEY

Justice



Opinion delivered and filed

this 12th day of June, 2003.

 

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).