COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-183-CV

 

CAROLE VAN
HORNE, INDIVIDUALLY                                             APPELLANTS

AND ON BEHALF OF THE ESTATE

OF GRACE FERGUSON, AND AS NEXT

FRIEND OF SERENITY KATHLEEN

EVANS, A MINOR, NICOLE STEVENS,

AND TRAVIS EVANS, INDIVIDUALLY

AND AS NEXT FRIEND OF SERENITY

KATHLEEN EVANS, A MINOR

 

V.

 

JACK R. HARRIS                                                                         APPELLEE



 

                                              ------------

 

            FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------      

I. 
Introduction








This is
an appeal from the trial court=s order
granting a no-evidence summary judgment in favor of Appellee, Jack R.
Harris.  In three issues, Carole Van
Horne, individually and on behalf of the estate of Grace Ferguson, and as next
friend of Serenity Kathleen Evans, a minor, Nicole Stevens, and Travis Evans,
individually and as next friend of Serenity Kathleen Evans, a minor
(collectively AAppellants@)
contend that the trial court erred by granting the no-evidence summary judgment
motion because the evidence raised genuine issues of material fact concerning
whether Jack R. Harris owed Appellants a duty, whether he breached that duty,
and whether the breach was the proximate cause of Appellants=
damages.  Because no summary judgment
evidence exists that Jack R. Harris breached a duty to Appellants, we will
affirm the trial court=s judgment.

II.  Factual
and Procedural Background

While
driving her car on a farm-to-market road in Parker County, Grace Ferguson,
accompanied by passenger Nicole Stevens, collided with a bull standing in the
roadway.  As a result of the collision,
Ferguson died the following day, and Stevens suffered serious and disabling
injuries.  Appellants subsequently filed
wrongful death and negligence claims against Jack R. Harris, John B. Harris,
and Jessica A. Harris. 








The
summary judgment evidence shows that Jack R. Harris owned the bull involved in
the collision, that at the time of the collision, Jack R. Harris=s son,
John B. Harris, kept the bull on his property in Parker County, that the bull
had escaped from that property on three or four prior occasions, thatCin
addition to the fenced pen the bull was kept inCJohn B.
Harris put up an electric fence around the property after the bull escaped on
prior occasions, that the bull had not escaped since the electric fence had
been installed, that John B. Harris never found any damage to the fence where
the bull may have escaped on the day of the collision, and that Jack R. Harris
had no knowledge of the bull=s prior
escapes.  During his deposition, Jack R.
Harris testified as follows:

Q:
Had John B. Harris ever told you that he had gotten a number of calls from the
Sheriff=s Department about that
bull getting out on Zion Road?

 

A:
No, huh-uh.

 

Q:
Okay.  Had he ever told you he had gotten
complaints from the neighbors about the bull getting on Zion Road?

 

A:
No.

 

Q:
Had [your other son] ever told you that, that he had heard the bull was getting
out?

 

A:
No.

 

Q:
You hadn=t heard from any source
at all that the bull was getting on the road?

 

A:
No.

 

.
. . . 

 








Q:
Did you ever look at the fence that comes down the property line between [John
B. Harris=s] property and Mr.
Taylor=s property, did you ever
go out and examine that fence?

 

A:
I never went out and examined it, string by string, but I=ve been across the
pasture and I had seen the fences.

 

Q:
Did it look adequate?

 

A:
Yes.

 

Jack R.
Harris filed a no-evidence motion for summary judgment, and the trial court
granted it.  Appellants subsequently
settled their remaining claims against John B. Harris and Jessica A. Harris and
perfected their appeal of the no-evidence summary judgment in favor of Jack R.
Harris.  

III.  Proper
Grant of No-Evidence Motion for Summary Judgment

In three
issues, Appellants contend, respectively, that the trial court erred by
granting the no-evidence motion for summary judgment because their summary
judgment evidence established or raised a genuine issue of material fact that
Jack R. Harris owed Appellants a duty, breached that duty, and thereby
proximately caused Appellants=
damages. 

A.  Standard of Review








After an
adequate time for discovery, the party without the burden of proof may, without
presenting evidence, move for summary judgment on the ground that there is no
evidence to support an essential element of the nonmovant=s claim
or defense.  Tex. R. Civ. P. 166a(i). 
The motion must specifically state the elements for which there is no
evidence.  Id.; Johnson v.
Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless
the nonmovant produces summary judgment evidence that raises a genuine issue of
material fact.  See Tex. R. Civ. P. 166a(i) & cmt.; Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).

When
reviewing a no-evidence summary judgment, we examine the entire record in the
light most favorable to the nonmovant, indulging every reasonable inference and
resolving any doubts against the motion. 
Sudan v. Sudan,  199 S.W.3d
291, 292 (Tex. 2006).  If the nonmovant
brings forward more than a scintilla of probative evidence that raises a
genuine issue of material fact, then a no-evidence summary judgment is not
proper.  Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.CSan
Antonio 1998, pet. denied). 

B.  Duty to Not Permit Stock to Run at Large








Texas
has no common law duty requiring livestock owners to restrain their animals
within fences.  Gibbs v. Jackson,
990 S.W.2d 745, 747 (Tex. 1999); Goode v. Bauer, 109 S.W.3d 788, 791
(Tex. App.CCorpus Christi 2003, pet.
denied).  Texas does, however, impose two
statutory duties to restrain livestock.  See
Tex. Agric. Code Ann. ''
143.074(a), 143.102 (Vernon 2004); Gibbs, 990 S.W.2d at 747-48; Goode,
109 S.W.3d at 791.  The parties agree
that the applicable statutory duty in this case is section 143.074, which
states that a livestock owner may not permit his stock to run at large.  Tex.
Agric. Code Ann. ' 143.074(a); Goode, 109
S.W.3d at 791.  Jack R. Harris concedes
that he did owe a duty to Appellants to not Apermit
[cattle] to run at large@ pursuant to the stock laws
adopted by Parker County and the agriculture code, but argues that no summary
judgment evidence exists that he breached this duty.  See Tex.
Agric. Code Ann. ' 143.074(a).

C.  No Summary Judgment Evidence that Jack R.
Harris Breached Duty

to Not Permit Bull to Run
at Large

 

Appellants
assert that their summary judgment evidence raised a genuine issue of material
fact that Jack R. Harris did nothing to ensure that the bull was properly and
adequately housed and contained, and that by doing nothing he breached his duty
to not Apermit
[his livestock] to run at large.@  See
id.  To support this
contention, they rely on Warren v. Davis, 539 S.W.2d 907, 910 (Tex. Civ.
App.CCorpus
Christi 1976, no writ) and Hanna v. Wright, 504 S.W.2d 779, 782-83 (Tex.
Civ. App.CTyler 1974, no writ), for the
proposition that a person=s negligence in failing to keep
livestock confined may constitute a breach of the duty to not permit livestock
to run at large.  These cases are
distinguishable on both legal and factual grounds.








Warren was a
venue appeal under the former plea of privilege practice.  Warren, 539 S.W.2d at 908.  In Warren, a man=s
vehicle hit a bull on a farm-to-market road and the man was killed.  Id. 
His survivors brought a wrongful death action against the bull=s owner.  Id. 
The evidence demonstrated that, after the accident, all fence posts,
wiring, and gates remained intact and there was no evidence that the bull had
escaped on its own.  Id. at
910.  So the appellate court concluded
that Athe only
way that the bull could have escaped would have been for someone to have opened
a gate in the pasture fence,@ and
because the defendants were the only three individuals with keys to unlock the
gates, an inference existed that the defendants were negligent.  Id.  The court concluded that the plaintiffs had
shown actionable negligence against the defendants sufficient to maintain venue
in the county where the accident occurred. 
Id. at 911.








In Hanna,
the plaintiff=s car hit a cow on a public
road.  Hanna, 504 S.W.2d at
781.  The plaintiff sued the cow=s owner
for damages her car sustained.  Id.  A jury found that the cattle owner failed to
maintain his gates in place, that this failure constituted negligence, and that
this negligence proximately caused the occurrence in question.  Id. at 783 n.2.  The court of appeals affirmed the trial court=s
judgment on the jury verdict, noting that the evidence supported a finding that
the cow=s owner
had violated the statute at issue here when he permitted the cow to run
at large on a highway by failing to maintain gates on his property.[2]  Id. at 782-83.








The
distinguishing feature between both Warren and Hanna and this
case is that in both Warren and Hanna the livestock owner also
owned and maintained the land on which the livestock was kept.  Thus, the livestock owner=s duty
to not permit the livestock to run at large encompassed maintenance of the
property=s fences
and gates.  See Warren, 539
S.W.2d at 910; Hanna, 504 S.W.2d at 782-83.  But here, although Jack R. Harris owned the
bull, John B. Harris and Jessica A. Harris owned the property on which the bull
was kept.  The summary judgment evidence
relating to Jack R. Harris and his involvement with this particular bull
established that Jack R. Harris owned the bull, that Jack R. Harris kept his
bull on his son, John B. Harris=s,
property, that Jack R. Harris knew that John B. Harris had installed an
electric fence on his property, that Jack R. Harris did not know why John B.
Harris installed the electric fence, that Jack R. Harris did not know that the
bull escaped on prior occasions, that Jack R. Harris believed the fences at
John B. Harris=s property to be adequate, and
that Jack R. Harris had no involvement with the bull other than his
ownership.  Thus, no summary judgment
evidence exists establishing that any action or inaction by Jack R. Harris
permitted the bull to run at large. 

And the
law is well settled that a violation of agriculture code section 143.074 does
not occur solely because a livestock owner=s stock
runs at large.  See Goode, 109
S.W.3d at 792 (citing Tex. & Pac. Ry. Co. v. Webb, 102 Tex. 210, 114
S.W. 1171, 1173 (Tex. 1908); Beck v. Sheppard, 566 S.W.2d 569, 572 (Tex.
1978); Davis v. Massey, 324 S.W.2d 242, 243 (Tex. Civ. App.CWaco
1959, no writ)).  To hold that a
livestock owner breaches the duty imposed by agriculture code section 143.074
anytime a bull is discovered on a road would create a strict liability standard
for all livestock owners who own stock that stray.  The section 143.074 duty is violated only
when the livestock owner Apermits@ his
stock to run at large.  Goode, 109
S.W.3d at 792. 








Having
reviewed the entire record in the light most favorable to Appellants, and
indulging every reasonable inference and resolving any doubts against the
no-evidence motion for summary judgment, we hold that the evidence demonstrates
only that Jack R. Harris owned the bull, entrusted John B. Harris with keeping
the bull on his property, had no reason to believe that the fencing was
inadequate in any respect, and had no reason to believe that his bull had or
would escape from John B. Harris=s
land.  Nothing in the record demonstrates
that Jack R. Harris Apermitted@ his
bull to run at large, and the mere fact that his bull was on the road and was
struck by the vehicle is not enough to demonstrate that Jack R. Harris violated
agriculture code section 143.074.  See
Goode, 109 S.W.3d at 792.  

Accordingly,
the trial court did not err by granting Jack R. Harris=s
no-evidence motion for summary judgment because no genuine issue of material
fact existed concerning whether Jack R. Harris breached his duty to not permit
his bull to run at large.  See Tex. R. Civ. P. 166a(i); Grant, 73
S.W.3d at 215.  We therefore overrule
Appellants= second issue.

 

 

 

 

 

 

 

 

 

 

 








IV.  Conclusion

Having held that no
summary judgment evidence exists raising a genuine issue of material fact on
whether Jack R. Harris breached his duty to not permit his bull to run at
large, we affirm the trial court=s judgment.[3]

 

 

 

 

SUE WALKER

JUSTICE

 

PANEL B:   HOLMAN, WALKER, and MCCOY, JJ.

 

DELIVERED:  March 22, 2007











[1]See Tex. R. App. P. 47.4.





[2]We note that Hanna
does not delineate the specific facts adduced at trial showing how Hanna failed
to maintain his gates.  Rather, the
opinion merely recites the special issue questions given to the jury and the
jury=s corresponding answers,
which included questions and affirmative answers on whether Hanna failed to
maintain his gates and whether that act was negligence.  Hanna, 504 S.W.2d at 782.





[3]We do not address
Appellants= third issue regarding
proximate cause because a no-evidence summary judgment is proper when there is
no evidence to support an essential element of a plaintiff=s claim and here we have
held that no evidence exists on the breach of duty element.  See Tex.
R. Civ. P. 166a(i); Tex. R. App.
P. 47.1.