COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-183-CV

CAROLE VAN HORNE, INDIVIDUALLY APPELLANTS

AND ON BEHALF OF THE ESTATE

OF GRACE FERGUSON, AND AS NEXT

FRIEND OF SERENITY KATHLEEN

EVANS, A MINOR, NICOLE STEVENS,

AND TRAVIS EVANS, INDIVIDUALLY

AND AS NEXT FRIEND OF SERENITY

KATHLEEN EVANS, A MINOR

V.

JACK R. HARRIS APPELLEE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

I.  Introduction

This is an appeal from the trial court’s order granting a no-evidence summary judgment in favor of Appellee, Jack R. Harris.  In three issues, Carole Van Horne, individually and on behalf of the estate of Grace Ferguson, and as next friend of Serenity Kathleen Evans, a minor, Nicole Stevens, and Travis Evans, individually and as next friend of Serenity Kathleen Evans, a minor (collectively “Appellants”) contend that the trial court erred by granting the no-evidence summary judgment motion because the evidence raised genuine issues of material fact concerning whether Jack R. Harris owed Appellants a duty, whether he breached that duty, and whether the breach was the proximate cause of Appellants’ damages.  Because no summary judgment evidence exists that Jack R. Harris breached a duty to Appellants, we will affirm the trial court’s judgment.

II.  Factual and Procedural Background

While driving her car on a farm-to-market road in Parker County, Grace Ferguson, accompanied by passenger Nicole Stevens, collided with a bull standing in the roadway.  As a result of the collision, Ferguson died the following day, and Stevens suffered serious and disabling injuries.  Appellants subsequently filed wrongful death and negligence claims against Jack R. Harris, John B. Harris, and Jessica A. Harris. 

The summary judgment evidence shows that Jack R. Harris owned the bull involved in the collision, that at the time of the collision, Jack R. Harris’s son, John B. Harris, kept the bull on his property in Parker County, that the bull had escaped from that property on three or four prior occasions, that—in addition to the fenced pen the bull was kept in—John B. Harris put up an electric fence around the property after the bull escaped on prior occasions, that the bull had not escaped since the electric fence had been installed, that John B. Harris never found any damage to the fence where the bull may have escaped on the day of the collision, and that Jack R. Harris had no knowledge of the bull’s prior escapes.  During his deposition, Jack R. Harris testified as follows:

Q: Had John B. Harris ever told you that he had gotten a number of calls from the Sheriff’s Department about that bull getting out on Zion Road?

A: No, huh-uh.

Q: Okay.  Had he ever told you he had gotten complaints from the neighbors about the bull getting on Zion Road?

A: No.

Q: Had [your other son] ever told you that, that he had heard the bull was getting out?

A: No.

Q: You hadn’t heard from any source at all that the bull was getting on the road?

A: No.

. . . . 

Q: Did you ever look at the fence that comes down the property line between [John B. Harris’s] property and Mr. Taylor’s property, did you ever go out and examine that fence?

A: I never went out and examined it, string by string, but I’ve been across the pasture and I had seen the fences.

Q: Did it look adequate?

A: Yes.

Jack R. Harris filed a no-evidence motion for summary judgment, and the trial court granted it.  Appellants subsequently settled their remaining claims against John B. Harris and Jessica A. Harris and perfected their appeal of the no-evidence summary judgment in favor of Jack R. Harris.  

III.  Proper Grant of No-Evidence Motion for Summary Judgment

In three issues, Appellants contend, respectively, that the trial court erred by granting the no-evidence motion for summary judgment because their summary judgment evidence established or raised a genuine issue of material fact that Jack R. Harris owed Appellants a duty, breached that duty, and thereby proximately caused Appellants’ damages. 

A.  Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant’s claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.
;
 Johnson v. Brewer & Pritchard, P.C.
, 73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.  
Sudan v. Sudan,
  199 S.W.3d 291, 292 (Tex. 2006).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 

B.  Duty to Not Permit Stock to Run at Large

Texas has no common law duty requiring livestock owners to restrain their animals within fences.  
Gibbs v. Jackson
, 990 S.W.2d 745, 747 (Tex. 1999); 
Goode v. Bauer
, 109 S.W.3d 788, 791 (Tex. App.—Corpus Christi 2003, pet. denied).  Texas does, however, impose two statutory duties to restrain livestock.  
See
 
Tex. Agric. Code Ann.
 §§ 143.074(a), 143.102 (Vernon 2004); 
Gibbs
, 990 S.W.2d at 747-48; 
Goode
, 109 S.W.3d at 791.  The parties agree that the applicable statutory duty in this case is section 143.074, which states that a livestock owner may not permit his stock to run at large.  
Tex. Agric. Code Ann.
 § 143.074(a); 
Goode
, 109 S.W.3d at 791.  Jack R. Harris concedes that he did owe a duty to Appellants to not “permit [cattle] to run at large” pursuant to the stock laws adopted by Parker County and the agriculture code, but argues that no summary judgment evidence exists that he breached this duty.  
See 
Tex. Agric. Code Ann.
 § 143.074(a).

C.  No Summary Judgment Evidence that Jack R. Harris Breached Duty

to Not Permit Bull to Run at Large

Appellants assert that their summary judgment evidence raised a genuine issue of material fact that Jack R. Harris did nothing to ensure that the bull was properly and adequately housed and contained, and that by doing nothing he breached his duty to not “permit [his livestock] to run at large.”  
See
 
id
.  To support this contention, they rely on 
Warren v. Davis
, 539 S.W.2d 907, 910 (Tex. Civ. App.—Corpus Christi 1976, no writ) and 
Hanna v. Wright
, 504 S.W.2d 779, 782-83 (Tex. Civ. App.—Tyler 1974, no writ), for the proposition that a person’s negligence in failing to keep livestock confined may constitute a breach of the duty to not permit livestock to run at large.  These cases are distinguishable on both legal and factual grounds.

Warren
 was a venue appeal under the former plea of privilege practice.  
Warren
, 539 S.W.2d at 908.  In 
Warren
, a man’s vehicle hit a bull on a farm-to-market road and the man was killed. 
 
Id.
  His survivors brought a wrongful death action against the bull’s owner.  
Id
.  The evidence demonstrated that, after the accident, all fence posts, wiring, and gates remained intact and there was no evidence that the bull had escaped on its own.  
Id. 
at 910.  So the appellate court concluded that 
“the only way that the bull could have escaped would have been for someone to have opened a gate in the pasture fence,” and because the defendants were the only three individuals with keys to unlock the gates, an inference existed that the defendants were negligent.  
Id. 
 The court concluded that the plaintiffs had shown actionable negligence against the defendants sufficient to maintain venue in the county where the accident occurred.  
Id.
 at 911.

In 
Hanna
, 
the plaintiff’s car hit a cow on a public road.  
Hanna
, 504 S.W.2d at 781.  The plaintiff sued the cow’s owner for damages her car sustained.  
Id
.  A jury found that the cattle owner failed to maintain his gates in place, that this failure constituted negligence, and that this negligence proximately caused the occurrence in question.  
Id
. at 783 n.2.  The court of appeals affirmed the trial court’s judgment on the jury verdict, noting that 
the evidence supported a finding that the cow’s owner had violated the statute at issue here when he 
permitted 
the cow to run at large on a highway by failing to maintain gates on his property.
(footnote: 2)  
Id.
 at 782-83.

The distinguishing feature between both 
Warren
 and 
Hanna
 and this case is that in both 
Warren
 and 
Hanna
 the livestock owner also owned and maintained the land on which the livestock was kept.  Thus, the livestock owner’s duty to not permit the livestock to run at large encompassed maintenance of the property’s fences and gates.  
See
 
Warren
, 539 S.W.2d at 910; 
Hanna
, 504 S.W.2d at 782-83.  
But here, although Jack R. Harris owned the bull, John B. Harris and Jessica A. Harris owned the property on which the bull was kept.  The summary judgment evidence relating to Jack R. Harris and his involvement with this particular bull established that Jack R. Harris owned the bull, that Jack R. Harris kept his bull on his son, John B. Harris’s, property, that Jack R. Harris knew that John B. Harris had installed an electric fence on his property, that Jack R. Harris did not know why John B. Harris installed the electric fence, that Jack R. Harris did not know that the bull escaped on prior occasions, that Jack R. Harris believed the fences at John B. Harris’s property to be adequate, and that Jack R. Harris had no involvement with the bull other than his ownership.  Thus, no summary judgment evidence exists establishing that any action or inaction by Jack R. Harris permitted the bull to run at large. 

And the law is well settled that a violation of agriculture code section 143.074 does not occur solely because a livestock owner’s stock runs at large.  
See Goode
, 109 S.W.3d at 792 (citing 
Tex. & Pac. Ry. Co. v. Webb
, 102 Tex. 210, 114 S.W. 1171, 1173 (Tex. 1908); 
Beck v. Sheppard
, 566 S.W.2d 569, 572 (Tex. 1978); 
Davis v. Massey
, 324 S.W.2d 242, 243 (Tex. Civ. App.—Waco 1959, no writ)).  To hold that a livestock owner breaches the duty imposed by agriculture code section 143.074 anytime a bull is discovered on a road would create a strict liability standard for all livestock owners who own stock that stray.  The section 143.074 duty is violated only when the livestock owner “permits” his stock to run at large.  
Goode
, 109 S.W.3d at 792. 

Having reviewed the entire record in the light most favorable to Appellants, and indulging every reasonable inference and resolving any doubts against the no-evidence motion for summary judgment, we hold that the evidence demonstrates only that Jack R. Harris owned the bull, entrusted John B. Harris with keeping the bull on his property, had no reason to believe that the fencing was inadequate in any respect, and had no reason to believe that his bull had or would escape from John B. Harris’s land.  Nothing in the record demonstrates that Jack R. Harris “permitted” his bull to run at large, and the mere fact that his bull was on the road and was struck by the vehicle is not enough to demonstrate that Jack R. Harris violated agriculture code section 143.074.  
See Goode
, 109 S.W.3d at 792.  

Accordingly, the trial court did not err by granting Jack R. Harris’s no-evidence motion for summary judgment because no genuine issue of material fact existed concerning whether Jack R. Harris breached his duty to not permit his bull to run at large.  
See 
Tex. R. Civ. P.
 166a(i); 
Grant, 
73 S.W.3d at 215.  We therefore overrule Appellants’ second issue.

IV.  Conclusion

Having held that no summary judgment evidence exists raising a genuine issue of material fact on whether Jack R. Harris breached his duty to not permit his bull to run at large, we affirm the trial court’s judgment.
(footnote: 3)

SUE WALKER

JUSTICE

PANEL B: HOLMAN, WALKER, and MCCOY, JJ.

DELIVERED:  March 22, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We note that 
Hanna
 does not delineate the specific facts adduced at trial showing how Hanna failed to maintain his gates.  Rather, the opinion merely recites the special issue questions given to the jury and the jury’s corresponding answers, which included questions and affirmative answers on whether Hanna failed to maintain his gates and whether that act was negligence.  
Hanna
, 504 S.W.2d at 782.

3:
We do not address Appellants’ third issue regarding proximate cause because a no-evidence summary judgment is proper when there is no evidence to support an essential element of a plaintiff’s claim and here we have held that no evidence exists on the breach of duty element.  
See 
Tex. R. Civ. P.
 166a(i); 
Tex. R. App. P.
 47.1.